**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**

(State)

Case number *(if known)*: _____     Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| 1. | Debtor's Name | **Benefytt Technologies, Inc.** |
|---|---|---|

| 2. | All other names debtor used in the last 8 years | **Health Insurance Innovations, Inc.** |
|---|---|---|
| | | **Benefytt** |
| | Include any assumed names, trade names, and *doing business as* names | **Benefytt Technologies** |

| 3. | Debtor's federal Employer Identification Number (EIN) | 4   6   –   1   2   8   2   6   3   4 |
|---|---|---|

**4. Debtor's address**

**Principal place of business**

**3450 Buschwood Park Drive**
Number        Street

**Suite 200**

**Tampa**              **Florida**     **33618**
City                  State      Zip Code

**Hillsborough**
County

**Mailing address, if different from principal place of business**

Number        Street

P.O. Box

City                  State      Zip Code

**Location of principal assets, if different from principal place of business**

Number        Street

City                  State      Zip Code

**5. Debtor's website (URL)**     **https://www.benefytt.com**

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Benefytt Technologies, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7.   Describe debtor's business**

A.  *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B.  *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5511**

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | | When | MM/DD/YYYY | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |
| | | | MM/DD/YYYY | | |

| Debtor | **Benefytt Technologies, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No
☒ Yes.

| Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|
| District | **Southern District of Texas** | | |
| | | When | **05/23/2023** |
| Case number, if known | | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

| | |
|---|---|
| | Number          Street |
| | |
| | City                                    State       Zip Code |

**Is the property insured?**

☐ No
☐ Yes.

| Insurance agency | |
|---|---|
| Contact name | |
| Phone | |

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☒ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

Debtor    **Benefytt Technologies, Inc.**                                   Case number *(if known)*  _____
      Name

| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **05/23/2023**
          MM/ DD / YYYY

✗   **/s/ Michael DeVries**                              **Michael DeVries**
  Signature of authorized representative of debtor     Printed name

Title   **Chief Financial Officer**

**18. Signature of attorney**

✗   **/s/ Matthew D. Cavenaugh**            Date   **05/23/2023**
  Signature of attorney for debtor                  MM/DD/YYYY

    **Matthew D. Cavenaugh**
    Printed name

    **Jackson Walker LLP**
    Firm name

    **1401 McKinney Street**
    Number        Street

    **Houston**                              **Texas**      **77010**
    City                                     State      ZIP Code

    **713-752-4200**                          **mcavenaugh@jw.com**
    Contact phone                            Email address

    **24062656**                              **Texas**
    Bar number                               State

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| | |
|---|---|
| United States Bankruptcy Court for the: | |
| **Southern District of Texas** | |
| (State) | |
| Case number *(if known)*: _____ | Chapter ___11___ |

☐ Check if this is an amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Benefytt Technologies, Inc.

1. Benefytt Technologies, Inc.
2. American Service Insurance Agency LLC
3. Benefytt Reinsurance Solutions, LLC
4. BimSym-HPIH, LLC
5. Dawn Acquisition Company, LLC
6. Daylight Beta Intermediate Corp.
7. Daylight Beta Intermediate II Corp.
8. Daylight Beta Parent Corp.
9. Health Insurance Innovations Holdings, Inc.
10. Health Plan Intermediaries Holdings, LLC
11. Healthinsurance.com, LLC
12. HealthPocket, Inc.
13. Insurance Center for Excellence, LLC
14. RxHelpline, LLC
15. Sunrise Health Plans, LLC
16. TogetherHealth Insurance, LLC
17. TogetherHealth PAP, LLC
18. Total Insurance Brokers, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| BENEFYTT TECHNOLOGIES, INC., | ) |
|  | ) |
| Debtor. | ) |
|  | ) |

Chapter 11

Case No. 23-_____(___)

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Daylight Beta Parent Corp. | 3450 Buschwood Park Drive, Suite 200, Tampa, FL 33618 | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| BENEFYTT TECHNOLOGIES, INC., | Case No. 23-_____(___) |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Daylight Beta Parent Corp. | 100% |

**Fill in this information to identify the case:**

Debtor name: Benefytt Technologies, Inc., et al.

United States Bankruptcy Court for the: Southern    District of: Texas
                                                                (State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | King & Spalding LLP<br>1180 Peachtree Street N.E.<br>17th Floor Atlanta, GA 30309 | David Balser<br>Phone: (404) 572-2782<br>Email: Dbalser@KSLaw.com | Trade Vendor | | | | $ 6,216,847.90 |
| 2 | ProMedia<br>13499 Biscayne Blvd, Suite 4-5-6<br>Miami, FL 33181 | Jonathan Peress<br>Phone: (917) 859-5810<br>Email: | Trade Vendor | | | | $ 5,436,346.45 |
| 3 | Convergence Consulting Group<br>2502 N. Rocky Point Dr.<br>Suite 650 Tampa, FL 33607 | Greg Holman<br>Phone: (813) 968-3238<br>Email: | Trade Vendor | | | | $ 774,727.67 |
| 4 | Anderson Kill P.C.<br>1251 Avenue of the Americas<br>New York, NY 10020 | Joshua Gold<br>Phone: (212) 278-1886<br>Email: Jgold@andersonkill.com | Trade Vendor | | | | $ 702,054.13 |
| 5 | Assurance IQ, Inc<br>Attn.: Chief Legal Officer<br>225 108th Ave. NE, Suite 820<br>Bellevue, WA 98004 | Phone:<br>Email: legaladmin@assurance.com | Trade Vendor | | | | $ 565,296.79 |
| 6 | Cornerstone Research, Inc.<br>Two Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-3922 | Leo Li<br>Phone: (415) 229-8221<br>Email: | Trade Vendor | | | | $ 495,929.04 |
| 7 | Baker & McKenzie LLP<br>1111 Brickell Avenue, Suite 1700<br>Miami, FL 33131 | Ben Davis<br>Phone: (305) 789-8922<br>Email: Benjamin.davis@bakermckenzie.com | Trade Vendor | | | | $ 486,357.21 |
| 8 | Data-Mail, Inc.<br>597 North Mountain Road<br>Newington, CT 06111 | Michelle Cech<br>Phone: (860) 666-0399 Ext. 0243<br>Email: | Trade Vendor | | | | $ 396,186.06 |
| 9 | SunFireMatrix, Inc.<br>150 Kimball Road<br>Carlisle, MA 01741 | Ross Blair<br>Phone: (617) 968-2658<br>Email: | Trade Vendor | | | | $ 360,000.00 |
| 10 | Blend360, LLC<br>10221 Wincopin Circle, 3rd Floor<br>Columbia, MD 21044 | Porasah White<br>Phone: (908) 458-9940<br>Email: | Trade Vendor | | | | $ 335,650.31 |
| 11 | Charles River Associates<br>200 Clarendon Street<br>Boston, MA 02116 | Mark Waterhouse<br>Phone: (617) 425-3000<br>Email: | Trade Vendor | | | | $ 332,283.75 |
| 12 | BimSym eBusiness Solutions<br>P.O. Box 1129<br>Langhorne, PA 19047-1129 | Rajesh Patel<br>Phone: (215) 639-7040<br>Email: patelrn@bimsym.com | Trade Vendor | | | | $ 250,000.00 |
| 13 | Individual name on file<br>Address on file | Contact information on file | Employment Claim | | | | $ 240,768.99 |
| 14 | Benesch Friedlander Coplan & Aronoff<br>71 South Wacker Drive, Suite 1600<br>Chicago, IL 60606 | Mark S. Eisen<br>Phone: (312) 212-4956<br>Email: MEisen@beneschlaw.com | Trade Vendor | | | | $ 224,728.55 |
| 15 | Highwoods Realty Limited Partnership<br>3111 West Dr. M.L. King Blvd., Suite 100<br>Tampa, FL 33607 | Ann Bazin<br>Phone: (813) 876-7000<br>Email: | Rent | | | | $ 187,408.90 |
| 16 | NERA Economic Consulting<br>1166 Avenue of the Americas, 24th Floor<br>New York, NY 10036 | Phone: (212) 345-3000<br>Email: | Trade Vendor | | | | $ 155,016.00 |
| 17 | Locke Lord LLP<br>2200 Ross Avenue, Suite 2200<br>Dallas, TX 75201 | Kurt Krolikowski<br>Phone: (713) 226-1595<br>Email: kkrolikowski@lockelord.com | Trade Vendor | | | | $ 146,528.50 |
| 18 | Five9 Inc.<br>4000 Executive Parkway, Suite 400<br>San Ramon, CA 94583 | David W. Hill<br>Phone:<br>Email: billing@five9.com | Trade Vendor | | | | $ 144,010.27 |
| 19 | 2100 West Cypress Creek Road Associates<br>Attn: Michael Karp<br>1062 East Lancaster Avenue, Suite 30B<br>Bryn Mawr, PA 19010 | John Chiango<br>Phone: (610) 525-3780<br>Email: | Rent | | | | $ 130,374.59 |
| 20 | Nelson Taplin Goldwater Inc<br>1555 Palm Beach Lakes Blvd., Suite 1510<br>West Palm Beach, FL 33401 | Phone: (888) 684-8909<br>Email: mgrillo@taplinlaw.net | Trade Vendor | | | | $ 92,500.00 |

Debtor    Benefytt Technologies, Inc., et al.                                             Case number (if known)_____

Case 23-90566   Document 1   Filed in TXSB on 05/23/23   Page 9 of 33

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 21 | Potter Anderson & Corroon, LLP 1313 North Market Street, P.O. Box 951 Wilmington, DE 19899-0951 | Tyuanna Booker Phone: (302) 984-6254 Email: | Trade Vendor | | | | $ 92,463.56 |
| 22 | Foley & Lardner LLP US Bank Center 777 East Wisconsin Avenue Milwaukee, WI 53202-5306 | Phone: (414) 271-2400 Email: accountsreceivable@foley.com | Trade Vendor | | | | $ 92,008.83 |
| 23 | Tatum Reinsurance Intermediary LLC 331 Newman Springs Road, Building 1 4th Floor, Suite 143 Red Bank, NJ 07701 | Dan Moser Phone: (908) 216-2530 Email: | Trade Vendor | | | | $ 87,500.00 |
| 24 | Ogletree Deakins P.O. Box 89 Columbia, SC 29202 | Jennifer Monrose Moore Phone: (813) 221-7262 Email: jennifer.moore@ogletree.com | Trade Vendor | | | | $ 85,178.68 |
| 25 | Softchoice Corporation 314 W. Superior, Suite 400 Chicago, IL 60654 | Phone: (416) 588-9002 Ext. 2308 Email: aradmin@softchoice.com | Trade Vendor | | | | $ 79,321.00 |
| 26 | SourceLink Carolina, LLC 1224 Poinsett Hwy Greenville, SC 29609 | Amy Kostos Phone: (864) 233-2519 Email: | Trade Vendor | | | | $ 75,188.69 |
| 27 | Cotiviti Inc. 66 E. Wadsworth Park Dr. Draper, UT 84020 | Virginia Guerriero Phone: (978) 816-7745 Email: | Trade Vendor | | | | $ 75,000.00 |
| 28 | 3Cloud LLC 3025 Highland Parkway, Suite 525 Downers Grove, IL 60515 | Jim Tatro Phone: (888) 882-9873 Email: | Trade Vendor | | | | $ 68,952.10 |
| 29 | Bruch Hanna LLP 1099 New York Avenue, N.W. Suite 500 Washington, DC 20001 | Danielle Richardson Phone: (202) 969-1628 Email: drichardson@bruchlawgroup.com | Trade Vendor | | | | $ 67,945.00 |
| 30 | Cardenas Partners 204 South Monroe Street Tallahassee, FL 32301 | Al Cardenas Phone: (850) 222-8900 Email: AC@CardenasPartners.com | Trade Vendor | | | | $ 64,135.00 |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **Benefytt Technologies, Inc.** |
| United States Bankruptcy Court for the: | **Southern District of Texas** |
| | (State) |
| Case number (If known): | |

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement,**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | 05/23/2023 | ☒ */s/ Michael DeVries* |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Michael DeVries** |
| | | Printed name |
| | | **Chief Financial Officer** |
| | | Position or relationship to debtor |

Official Form 202                     Declaration Under Penalty of Perjury for Non-Individual Debtors

*Execution Version*

<u>OMNIBUS WRITTEN CONSENT OF</u>
<u>THE BOARDS OF DIRECTORS, MANAGERS, SOLE MEMBERS</u>
<u>OR MANAGING MEMBERS</u>

**Dated as of May 22, 2023**

After due deliberation, the undersigned, being all of the members of the board of directors, managers, sole members, or managing members, as applicable (collectively, the "**Board**"), of each of the companies listed on <u>Schedule 1</u> attached hereto (each, a "**Company**" and, collectively, the "**Companies**"), hereby take the following actions and adopt the following resolutions (the "**Resolutions**") by written consent (this "**Consent**") as of the date first written above, pursuant to the bylaws or the limited liability company agreement of each Company, as applicable, and the applicable laws of the jurisdiction in which such Company is organized:

**RESOLUTIONS**

**Ratification and Appointment of Officers**

**WHEREAS**, the Board desires to appoint and ratify certain officers of each of the Companies.

**NOW, THEREFORE, BE IT**

**RESOLVED**, effective as of the date hereof without any further action of any person, that (i) the existing officers of the Companies (to the extent inconsistent with the Officer Appointment (defined below)) are hereby removed in their capacities as officers, and concurrently therewith (ii) the officers as they appear in <u>Schedule 2</u> attached hereto, in each case, of each of the Companies, is hereby elected, appointed and ratified in such capacity as indicated on <u>Schedule 2</u>, each to serve in such capacity until such time as his successor is duly appointed and qualified or until his earlier displacement by resignation, removal or otherwise (the "**Officer Appointments**"); and

**RESOLVED**, that, after giving effect to the Officer Appointments, the officers of each the Companies are as set forth on <u>Schedule 2</u> attached hereto.

**Expansion of the Board of Directors of Benefytt Technologies, Inc.**

**WHEREAS**, Article III, Section 2 of the bylaws of Benefytt Technologies, Inc. grants the board of directors of Benefytt Technologies, Inc. (the "***BT Board***") the power to increase the size of the BT Board;

**WHEREAS**, Article III, Section 4 of the bylaws of Benefytt Technologies, Inc. grants the BT Board the power to fill vacant BT Board seats;

**WHEREAS**, the BT Board desires to increase the number of members serving on the BT Board from two (2) to three (3), creating a vacancy in the BT Board; and

**WHEREAS**, the BT Board desires to fill such vacancy by appointing Todd Baxter to serve as a member of the BT Board (for the avoidance of doubt, without disturbing the service of Michael DeVries or Domenick DiCicco on the BT Board).

**NOW, THEREFORE, BE IT**

**RESOLVED**, that the size of the BT Board shall be increased to have three (3) seats; and

**RESOLVED**, that, to fill the vacancy created by increasing the size of the BT Board, Todd Baxter be hereby appointed as a director of the BT Board.

**Approval of Restructuring Support Agreement**

**WHEREAS**, the Board has reviewed and considered certain materials presented by the financial and legal advisors regarding that certain restructuring support agreement (as may be amended, supplemented, or modified from time to time, the "**Restructuring Support Agreement**") and certain materials including, but not limited to, materials regarding the liabilities, obligations and liquidity of the Company, the strategic and financial alternatives available to the Company, and the impact of the foregoing on the Company's businesses and operations and the businesses and operations of the Company's affiliates;

**WHEREAS**, the Restructuring Support Agreement contemplates that each Company will, among other things, file a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "**Bankruptcy Code**");

**WHEREAS**, the Board has reviewed and considered presentations by management and the advisors regarding the advantages and disadvantages of both (i) certain proposed restructuring and recapitalization transactions with respect to the Companies' capital structure and (ii) the debtor-in-possession financing facility contemplated in the Restructuring Support Agreement;

**WHEREAS**, the Board has also reviewed, evaluated and considered drafts of the Restructuring Support Agreement presented to the Board;

**WHEREAS**, the Board has had adequate opportunity to consult with Management and Advisors regarding the materials and documentation presented, to obtain additional information, and to fully consider each of the strategic alternatives available to the Company; and

**WHEREAS,** the Board has determined that the following resolutions and the actions, transactions and documentation contemplated thereby are advisable and in the best interests of the Company, the Company's creditors, and the other parties in interest.

**NOW, THEREFORE, BE IT**

**RESOLVED**, that the Board has considered its fiduciary duties under applicable law in exercising its powers and discharging their duties, to act honestly and in good faith with a view to the best interests of each of the Companies as a whole, and to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances;

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, the Company's creditors and the other parties in interest that the Company and the other parties thereto enter into the Restructuring Support Agreement (substantially in the form presented to the Board, with such changes as approved by one or more Authorized Signatories (as defined herein), such approval to be conclusively established by such Authorized Signatory's execution and delivery or taking thereof) and that the Company's performance of its obligations under the Restructuring Support Agreement be and hereby is, in all respects, authorized, approved, confirmed and ratified;

**RESOLVED**, that each of the Authorized Signatories, acting individually and with full power of substitution, be, and hereby is, authorized, approved, empowered and directed, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to undertake and enter into the Restructuring Support Agreement (including the DIP Financing) and to consummate the transactions contemplated thereby, including without limitation, the negotiation and documentation of the chapter 11 plan, the incurrence of indebtedness, assumption of obligations, rejection of obligations, sale of the Company, sale of equity or assets, merger, liquidation, or other transactions contemplated thereby) and all exhibits, schedules, attachments, and ancillary documents or agreements related thereto (each in the form and upon the terms as such Authorized Signatory may approve, such approval to be conclusively established by such Authorized Signatory's execution and delivery or taking thereof), and that such Company's entry into and performance of its obligations in respect thereof, is, in all respects, authorized, approved, confirmed and ratified; and

**RESOLVED**, that each of the Authorized Signatories, acting individually and with full power of substitution, be, and hereby is, authorized, approved, empowered and directed, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the transactions contemplated by the Restructuring Support Agreement (including, without limitation, the incurrence of indebtedness, assumption of obligations, rejection of obligations, sale of the Company, sale of equity or assets, merger, liquidation, or other transactions contemplated thereby).

## Chapter 11 Filing

**WHEREAS**, the Board has reviewed and considered the following:

(1)    the presentations by the Companies' management and the legal and financial advisors of the Companies regarding the liabilities and liquidity of the Companies, the strategic alternatives available to them, and the impact of the foregoing on each Company's businesses;

(2)    the information and advice previously provided to and reviewed by the Board; and

(3)    the related matters reported on at meetings of the Board on and before the date hereof; and

**WHEREAS**, the Board has had the opportunity to consult with the Companies' management and the legal and financial advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies; and

**WHEREAS**, the Board has determined, in its business judgment, that it is desirable and in the best interests of each Company and its respective stakeholders for the Companies to (1) file, or cause the filing of, voluntary petitions under chapter 11 of the Bankruptcy Code; and (2) file, or cause the filing of, any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and that such implementation will maximize the value of each Company.

**NOW, THEREFORE, BE IT**

**RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of each Company, its equityholders, its creditors, and other parties in interest for each Company to file, or cause the filing of, a voluntary case under chapter 11 of the Bankruptcy Code (a "**Chapter 11 Case**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"); and (2) file, or cause the filing of, any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

**RESOLVED**, that each of the following is hereby authorized and approved in all respects: (1) each Company's filing, or causing to be filed, a Chapter 11 Case under the Bankruptcy Code in the Bankruptcy Court and (2) each Company's filing, or causing to be filed, any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

**RESOLVED**, that the Chief Executive Officer, the Chief Financial Officer, any Vice President, or any other duly-appointed officer of each Company as deemed necessary and appropriate (collectively, the "**Authorized Signatories**"), with power of delegation, is hereby authorized to execute and file on behalf of such Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of such Company's business.

**Retention of Professionals**

**RESOLVED**, that each Authorized Signatory be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "**Kirkland**") as general bankruptcy counsel to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland;

**RESOLVED**, that each Authorized Signatory be, and hereby is, authorized and directed to employ the law firm of Jackson Walker LLP ("**Jackson Walker**") as local bankruptcy counsel

4

to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jackson Walker;

**RESOLVED**, that each Authorized Signatory be, and hereby is, authorized and directed to employ the firm Ankura Consulting, LLC ("**Ankura**") as restructuring advisor to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ankura;

**RESOLVED**, that each Authorized Signatory be, and hereby is, authorized and directed to employ the firm Jefferies Group LLC ("**Jefferies**") as financial advisor and investment banker to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies;

**RESOLVED**, that each Authorized Signatory be, and hereby is, authorized and directed to employ the firm of Stretto, Inc. ("**Stretto**") as claims and noticing agent to assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Stretto;

**RESOLVED**, that each Authorized Signatory be, and hereby is, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**RESOLVED**, that each Authorized Signatory be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take

and perform any and all further acts and deeds that such Authorized Signatory deems necessary, proper, or desirable in connection with each such Company's Chapter 11 Case, with a view to the successful prosecution of such case.

**Debtor-in-Possession Financing, Cash Collateral, and Adequate Protection**

**WHEREAS**, reference is made to that certain Credit Agreement, by and among Beneftyt Technologies, Inc., as company, Daylight Beta Parent Corp., as holdings, the guarantors thereunder, the lenders from time to time party thereto, and the administrative agent thereunder, dated as of August 12, 2021, as amended and restated, supplemented, or otherwise modified from time to time (the "**Credit Agreement**");

**WHEREAS**, the Companies have negotiated (i) the terms of a superpriority senior secured debtor in possession term loan facility (the "**DIP Facility**"), (ii) the terms of that certain DIP Administrative Agent Fee Letter, to be dated on or around the date hereof, among Beneftyt Technologies, Inc. (the "**Borrower**") and Wilmington Savings Fund Society, FSB, as administrative agent and collateral agent for the DIP facility (the "**DIP Agent**" and such DIP Administrative Agent Fee Letter, the "**DIP Agency Fee Letter**") providing for the payment of the DIP Agent's fees for servicing the DIP Facility and (iii) arrangements for postpetition financing and use of cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**"); and

**WHEREAS**, the Companies have further negotiated and agreed to enter into (i) a senior secured superpriority debtor in possession credit agreement (the "**DIP Credit Agreement**"; capitalized terms used in this section "Debtor-in-Possession Financing, Cash Collateral, and Adequate Protection" but not defined in this section shall have the meanings set forth in the DIP Credit Agreement), (ii) one or more guaranty and security agreements (such guaranty agreement to be set forth in the DIP Credit Agreement) evidencing the guaranties of the DIP obligations by the Company guarantors thereunder and the liens on certain of the assets of Daylight Beta Parent Corp., as a guarantor under the DIP Facility, ("**Holdings**"), the Borrower and the other Companies, as guarantors under the DIP Facility (together with Holdings and the Borrower, the "**DIP Loan Parties**") securing the DIP obligations and (iii) any other definitive documentation requested by Required Lenders or the DIP Agent (such documents described in clauses (ii) and (iii) hereof, together with the DIP Agency Fee Letter and the DIP Credit Agreement, if any, the "**DIP Documents**" and the transactions contemplated thereby the "**DIP Transactions**").

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that in the business judgment of the Board, each Company will benefit from using collateral, including Cash Collateral, that is security for the holders of Company obligations under the Credit Agreement (the "**Prepetition Secured Parties**");

**RESOLVED**, that the execution, delivery and performance of the DIP Documents and/or the Additional DIP Documents (as defined below) to which any or all of the Companies are a party and the consummation of the transactions contemplated thereby be, and they hereby are, declared advisable and fair to, and in the best interest of, each such Company and, in the business judgment

of each Board, each such Company will benefit from entering into and performing under the DIP Documents and/or the Additional DIP Documents;

**RESOLVED**, that for each Company to use and benefit from using the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain liens, claims, and other entitlements to the Prepetition Secured Parties (collectively, the "**Adequate Protection Obligations**"), as documented in a proposed interim order and a proposed final order (collectively, the "**DIP Orders**") to be submitted to the Bankruptcy Court for approval;

**RESOLVED**, that the form, terms, and provisions of the DIP Agency Fee Letter, the DIP Documents, and any documents and agreements related thereto or contemplated thereunder, and the DIP Orders to which each Company shall be subject, and the actions and transactions contemplated thereby, including (i) the borrowing of funds pursuant to the terms of the DIP Credit Agreement and the DIP Orders by the DIP Loan Parties and the provision of the guarantees and security with respect thereto by the DIP Loan Parties and (ii) the negotiation, execution, delivery and performance of the DIP Documents, and all other agreements, instruments, documents, notices and certificates constituting exhibits to or that may be required, necessary, appropriate, desirable or advisable to be executed and delivered pursuant to the DIP Documents or otherwise permitted thereunder or related thereto (each an "**Additional DIP Document**" and, collectively, the "**Additional DIP Documents**") (including, for the avoidance of doubt, the approval of the format and terms of, and executing and delivering, any such schedules, confirmations and other documents in connection with the DIP Documents and the Additional DIP Documents that are requested by the DIP Agent or the Required Lenders) and the making of representations and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, in each case, are hereby authorized and approved are authorized and approved in all respects; and each Authorized Signatory is authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Documents and the Companies' respective obligations thereunder (collectively, the "**DIP Obligations**"), and to perform under the DIP Orders and cause the Companies' performance of their respective obligations thereunder;

**RESOLVED**, that each Company, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and the DIP Obligations, including granting liens on its assets to secure claims that constitute Adequate Protection Obligations and the DIP Obligations;

**RESOLVED**, that the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company, as a debtors and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, appropriate, or proper to consummate and implement the DIP Transactions, including, without limitation, (i) the execution and delivery of the DIP Documents and each Additional DIP Document, with such changes therein and additions thereto as any such Authorized Signatory, in his or her sole discretion, may deem necessary, convenient, appropriate, desirable or advisable; (ii) the preparation, negotiation, execution, delivery and filing of any agreements, certificates or other instruments or documents (including mortgages, security agreements, pledge agreements, financing statements and similar

documents related to the DIP Documents or the DIP Transactions); (iii) the modification or amendment (whether prior to or subsequent to the date hereof) of any of the terms and conditions of the DIP Documents and/or any Additional DIP Documents; (iv) the payment of any consideration; (v) the payment of indemnities, fees, costs, expenses and taxes as any such Authorized Signatory, in his or her sole discretion, may deem necessary, appropriate or advisable (such acts to be conclusive evidence that such Authorized Signatory deemed the same to meet such standard) or as shall be necessary or required under the terms of the DIP Documents in order to effect the DIP Transactions; (vi) the creation and/or management of any other demand deposit or operating account relationships or other cash management services; and (vii) all acts of any such Authorized Signatory taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified and confirmed in all respects;

**RESOLVED**, that the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies, as debtors and debtors in possession, to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "**UCC**") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Companies that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the DIP Agent or the Required Lenders may reasonably request to perfect the security interests of the DIP Agent under the DIP Orders;

**RESOLVED**, that the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies, as debtors and debtors in possession, to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Facility and all fees and expenses incurred by or on behalf of the Companies in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, proper, or advisable to perform any of the Companies' obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to fully carry out the intent of the foregoing resolutions;

**RESOLVED**, that each Authorized Signatory of each Company, any one of whom may take action without the joinder of any of the others, is hereby authorized, in the name and on behalf of such Company, respectively, to (a) prepare any amendments, waivers, consents, supplements, or other modifications under the DIP Documents and/or each Additional DIP Document to which such Company is a party as may be necessary, convenient, advisable, desirable or appropriate at any time from time to time, which amendments, waivers, consents or supplements may provide for modifications or relief under such agreements or documents and may require consent payments, fees or other amounts payable in connection therewith, and (b) execute and deliver such

amendments, waivers, consents, supplements, or other modifications under such agreements or documents as such Authorized Signatory shall deem to be necessary, convenient, advisable, desirable or appropriate, such execution and delivery by such Authorized Signatory to be conclusive evidence of his or her determination and approval of the necessity, appropriateness or advisability thereof; and

**RESOLVED**, that (a) the signature of any Authorized Signatory of any Company to each DIP Document, and each Additional DIP Document and any amendments, waivers, consents, supplements, or other modifications to which the respective Company is a party shall be conclusive evidence of such Authorized Signatory to execute and deliver such documents and (b) any person dealing with any Authorized Signatory of each Company in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Signatory and by his or her execution of any document or agreement, the same shall be valid and binding obligations of such Company enforceable in accordance with its terms.

**General**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates), any one of whom may act without the joinder of any of the others, are hereby individually authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action including, but not limited to, (i) the seeking, preparation and negotiation of such additional agreements, amendments, supplements, modifications, consents, waivers, reports, documents, instruments, applications, notes or certificates not now known but which may be required; (ii) the seeking, preparation and negotiation of such changes and additions to any agreements, amendments, supplements, other modifications, consents, waivers, reports, documents, instruments, applications, notes or certificates currently existing; (iii) the execution, acknowledgement, delivery, performance and filing (if applicable) of any of the foregoing; and (iv) the payment of all fees, consent payments, taxes, indemnities and other expenses, in each case as in such officer's judgment, shall be necessary, advisable, convenient or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Signatory deemed the same to be so necessary, convenient, appropriate, desirable or advisable; and that all such actions, executions, deliveries, filings and payments taken or made at any time in connection with the transactions contemplated by the foregoing resolutions hereby are approved, adopted, ratified and confirmed in all respects as the acts and deeds of such Company, respectively, as if specifically set out in these resolutions;

**RESOLVED**, that, to the extent that any Company serves as (i) the sole member or manager; (ii) the managing member; or (iii) otherwise as the governing body (the "**Controlling Party**"), in each case, of any subsidiary of such Company (the "**Controlled Party**"), each Authorized Signatory of the Controlling Party, any one of whom may act without the joinder of any of the others, is hereby authorized in the name and on behalf of each Controlling Party (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Party that an Authorized Signatory is herein authorized to take on behalf of such Controlling Party;

**RESOLVED**, that each Board hereby adopts and incorporates by reference any form of specific resolution to carry into effect the intent and purpose of the foregoing resolutions, or to cover authority included in matters authorized in the foregoing resolutions, including forms of resolutions in connection therewith that may be required by any state, other jurisdiction or other institution, person or agency, and a copy of these Resolutions shall be filed with the records of the meetings of such Board and certified as duly adopted thereby;

**RESOLVED**, that such Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of such Company, or hereby waive any right to have received such notice;

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by the Resolutions of the Board; and

**RESOLVED**, that (a) the foregoing resolutions may be executed and delivered electronically (including by facsimile or portable document format (pdf) transmission), (b) these Resolutions may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument, and (c) facsimile and other electronic copies of manually-signed originals shall have the same effect as manually-signed originals and shall be binding on each Board and each Company.

* * *

**IN WITNESS WHEREOF,** the undersigned sole shareholder of the Company has executed this written consent as of the first written above.

**DAYLIGHT BETA INTERMEDIATE CORP.**

**DAYLIGHT BETA INTERMEDIATE II CORP.**

**DAYLIGHT BETA PARENT CORP.**

**HEALTH INSURANCE INNOVATIONS HOLDINGS, INC.**

**HEALTHPOCKET, INC.**

**<u>Boards of Directors</u>**:

DocuSigned by:

_____
F03AD4BAEBBC4CB
Michael DeVries


_____
Todd Baxter

**IN WITNESS WHEREOF,** the undersigned sole shareholder of the Company has executed this written consent as of the first written above.

<div align="center">

**DAYLIGHT BETA INTERMEDIATE CORP.**

**DAYLIGHT BETA INTERMEDIATE II CORP.**

**DAYLIGHT BETA PARENT CORP.**

**HEALTH INSURANCE INNOVATIONS HOLDINGS, INC.**

**HEALTHPOCKET, INC.**

</div>

**<u>Boards of Directors</u>**:


_____

Michael DeVries


_____

Todd Baxter

**IN WITNESS WHEREOF**, the undersigned have executed this Consent as of the date first written above.

**BENEFYTT REINSURANCE SOLUTIONS, LLC**

<u>**Managers**</u>:

_____
Michael DeVries

_____
Domenick DiCicco

**IN WITNESS WHEREOF**, the undersigned have executed this Consent as of the date first written above.

<div style="margin-left: 40%;">

**BENEFYTT REINSURANCE SOLUTIONS, LLC**

**<u>Managers</u>**:

_____
Michael DeVries

_____
Domenick DiCicco

</div>

**IN WITNESS WHEREOF**, the undersigned have executed this Consent as of the date first written above.

<div style="text-align: right">

**DAWN ACQUISITION COMPANY, LLC**

**HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC**

By:    Benefytt Technologies, Inc.
Its:    Managing Member

By:    _____
Name: Todd Baxter
Title:  Chief Executive Officer

</div>

*[Signature Page to Omnibus Written Consent]*

**IN WITNESS WHEREOF**, the undersigned have executed this Consent as of the date first written above.

> **AMERICAN SERVICE INSURANCE AGENCY LLC**
>
> **BIMSYM-HPIH, LLC**
>
> **HEALTHINSURANCE.COM, LLC**
>
> **INSURANCE CENTER FOR EXCELLENCE, LLC**
>
> **RX HELPLINE LLC**
>
> **SUNRISE HEALTH PLANS, LLC**
>
> **TOGETHERHEALTH INSURANCE, LLC**
>
> **TOGETHERHEALTH PAP, LLC**
>
> **TOTAL INSURANCE BROKERS, LLC**
>
> By:    Health Plan Intermediaries Holdings, LLC
> Its:    Managing Member
>
> By: _____
> Name: Todd Baxter
> Title:  Chief Executive Officer

*[Signature Page to Omnibus Written Consent]*

**IN WITNESS WHEREOF**, the undersigned have executed this Consent as of the date first written above.

BENEFYTT TECHNOLOGIES, INC.

<u>**Board of Directors**</u>:

DocuSigned by:

4201661DB5D6470...

Todd Baxter

Michael DeVries

Domenick DiCicco

**IN WITNESS WHEREOF**, the undersigned have executed this Consent as of the date first written above.

**BENEFYTT TECHNOLOGIES, INC.**

**<u>Board of Directors</u>**:

_____

Todd Baxter

_____

Michael DeVries

_____

Domenick DiCicco

**IN WITNESS WHEREOF**, the undersigned have executed this Consent as of the date first written above.

BENEFYTT TECHNOLOGIES, INC.

<u>**Board of Directors**</u>:

_____

Todd Baxter

_____

Michael DeVries

_____

Domenick DiCicco

**Schedule 1**

**Companies**

| Name of Company and its State of Formation[1] | Governing Law/Document | Governing Body |
|---|---|---|
| Daylight Beta Intermediate Corp. | Section 141(f) of the General Corporation Law of the State of Delaware and the By-laws | Board of Directors: Michael DeVries Todd Baxter |
| Daylight Beta Intermediate II Corp. | Section 141(f) of the General Corporation Law of the State of Delaware and the By-laws | Board of Directors: Michael DeVries Todd Baxter |
| Daylight Beta Parent Corp. | Section 141(f) of the General Corporation Law of the State of Delaware and the By-laws | Board of Directors: Michael DeVries Domenick DiCicco |
| Benefytt Technologies, Inc.("**BT**") | Section 141(f) of the General Corporation Law of the State of Delaware and the Third Amended and Restated By-laws | Board of Directors: Michael DeVries Todd Baxter Domenick DiCicco |
| Benefytt Reinsurance Solutions, LLC | Section 18-302(d) of the Limited Liability Company Act of the State of Delaware and the Amended and Restated LLC Agreement | Managers: Michael DeVries Domenick DiCicco  Sole Member: BT |
| Dawn Acquisition Company, LLC | Section 18-302(d) of the Limited Liability Company Act of the State of Delaware and the Amended and Restated LLC Agreement | Sole Member: BT |
| Health Plan Intermediaries Holdings, LLC ("**HPIH**") | Section 18-302(d) of the Limited Liability Company Act of the State of Delaware and the Fourth Amended and Restated LLC Agreement | Managing Member: BT |
| American Service Insurance Agency, LLC a Texas limited liability company | Section 6.201 of the Texas Business Organizations Code and Second Amended and the Restated Company Agreement | Managing Member: HPIH |
| Health Insurance Innovations Holdings, Inc. | Section 141(f) of the General Corporation Law of the State of Delaware and the Amended and Restated By-laws | Board of Directors: Michael DeVries Todd Baxter |
| TogetherHealth Insurance, LLC | Section 18-302(d) of the Limited Liability Company Act of the State of Delaware and the Second Amended and Restated LLC Agreement | Managing Member: HPIH |
| TOGETHERHEALTH PAP, LLC | Same as above | Managing Member: HPIH |
| RX HELPLINE LLC | Same as above | Managing Member: HPIH |

---

[1]    Each Company herein is organized under the laws of the State of Delaware unless noted otherwise.

| Name of Company and its State of Formation[1] | Governing Law/Document | Governing Body |
|---|---|---|
| Total Insurance Brokers, LLC, a Florida limited liability company | Section 605.04073 of the Florida Revised Limited Liability Company Act and the Amended and Restated Operating Agreement | <u>Managing Member</u>: HPIH |
| Healthinsurance.com, LLC | Section 18-302(d) of the Limited Liability Company Act of the State of Delaware and the Amended and Restated LLC Agreement | <u>Managing Member</u>: HPIH |
| HealthPocket, Inc. | Section 141(f) of the General Corporation Law of the State of Delaware and the Amended and Restated By-laws | <u>Board of Directors:</u><br>Michael DeVries<br>Todd Baxter |
| Sunrise Health Plans, LLC, a Florida limited liability company | Section 605.04073 of the Florida Revised Limited Liability Company Act and the Amended and Restated Operating Agreement | <u>Managing Member</u>: HPIH |
| Insurance Center for Excellence, LLC | Section 18-302(d) of the Limited Liability Company Act of the State of Delaware and the Second Amended and Restated LLC Agreement | <u>Managing Member</u>: HPIH |
| BimSym-HPIH, LLC | Section 18-302(d) of the Limited Liability Company Act of the State of Delaware and the Amended and Restated LLC Agreement | <u>Managing Member</u>: HPIH |

## Schedule 2

### Board Appointments and Officer Appointments
### (Effective As of the Date of the Written Consent)

| Company | Officer Appointments |
|---|---|
| Daylight Beta Intermediate Corp. | Chief Executive Officer:  Todd Baxter<br>Chief Financial Officer:  Michael DeVries<br>Corporate Secretary:       Domenick DiCicco |
| Daylight Beta Intermediate II Corp. | Chief Executive Officer:  Todd Baxter<br>Chief Financial Officer:  Michael DeVries<br>Corporate Secretary:       Domenick DiCicco |
| Daylight Beta Parent Corp. | Chief Executive Officer:  Todd Baxter<br>Chief Financial Officer:  Michael DeVries<br>Corporate Secretary:       Domenick DiCicco |
| Benefytt Technologies, Inc. | Chief Executive Officer:  Todd Baxter<br>Chief Financial Officer:  Michael DeVries<br>Corporate Secretary:       Domenick DiCicco |
| Benefytt Reinsurance Solutions, LLC | Chief Financial Officer:  Michael DeVries<br>Corporate Secretary:       Domenick DiCicco |
| Dawn Acquisition Company, LLC | Chief Financial Officer:  Michael DeVries<br>Corporate Secretary:       Domenick DiCicco |
| Health Plan Intermediaries Holdings, LLC | Chief Executive Officer:  Todd Baxter<br>Chief Financial Officer:  Michael DeVries<br>Corporate Secretary:       Domenick DiCicco |
| AMERICAN SERVICE INSURANCE AGENCY LLC | Chief Executive Officer:  Todd Baxter<br>Chief Financial Officer:  Michael DeVries<br>Corporate Secretary:       Domenick DiCicco |
| Health Insurance Innovations Holdings, Inc. | Chief Executive Officer:  Todd Baxter<br>Chief Financial Officer:  Michael DeVries<br>Corporate Secretary:       Domenick DiCicco |
| TogetherHealth Insurance, LLC | Chief Executive Officer:  Todd Baxter<br>Chief Financial Officer:  Michael DeVries<br>Corporate Secretary:       Domenick DiCicco |
| TOGETHERHEALTH PAP, LLC | Chief Executive Officer:  Todd Baxter<br>Chief Financial Officer:  Michael DeVries<br>Corporate Secretary:       Domenick DiCicco |
| RX HELPLINE LLC | Chief Executive Officer:  Todd Baxter<br>Chief Financial Officer:  Michael DeVries<br>Corporate Secretary:       Domenick DiCicco |
| TOTAL INSURANCE BROKERS, LLC | Chief Executive Officer:  Todd Baxter<br>Chief Financial Officer:  Michael DeVries<br>Corporate Secretary:       Domenick DiCicco |
| Healthinsurance.com, LLC | Chief Executive Officer:  Todd Baxter<br>Chief Financial Officer:  Michael DeVries<br>Corporate Secretary:       Domenick DiCicco |

| Company | Officer Appointments |
|---|---|
| HealthPocket, Inc. | Chief Executive Officer:  Todd Baxter<br>Chief Financial Officer:   Michael DeVries<br>Corporate Secretary:      Domenick DiCicco |
| Sunrise Health Plans, LLC | Chief Executive Officer:  Todd Baxter<br>Chief Financial Officer:   Michael DeVries<br>Corporate Secretary:      Domenick DiCicco |
| Insurance Center for Excellence, LLC | Chief Executive Officer:  Todd Baxter<br>Chief Financial Officer:   Michael DeVries<br>Corporate Secretary:      Domenick DiCicco |
| BimSym-HPIH, LLC | Chief Executive Officer:  Todd Baxter<br>Chief Financial Officer:   Michael DeVries<br>Corporate Secretary:      Domenick DiCicco |