# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| BENEFYTT TECHNOLOGIES, INC., | Case No. 23-90566 (CML) |
| Debtor. | |
| Tax I.D. No. 46-1282634 | |
| In re: | Chapter 11 |
| AMERICAN SERVICE INSURANCE AGENCY LLC, | Case No. 23-90565 |
| Debtor. | |
| Tax I.D. No. 27-4829115 | |
| In re: | Chapter 11 |
| BENEFYTT REINSURANCE SOLUTIONS, LLC, | Case No. 23-90568 |
| Debtor. | |
| Tax I.D. No. 87-0904601 | |
| In re: | Chapter 11 |
| BIMSYM-HPIH, LLC, | Case No. 23-90570 |
| Debtor. | |
| Tax I.D. No. 83-3334626 | |
| In re: | Chapter 11 |
| DAWN ACQUISITION COMPANY, LLC, | Case No. 23-90573 |
| Debtor. | |
| Tax I.D. No. 86-1990909 | |
| In re: | Chapter 11 |

| | | |
|---|---|---|
| DAYLIGHT BETA INTERMEDIATE ., | ) | Case No. 23-90576 |
| Debtor. | ) | |
| Tax I.D. No. 85-1937248 | ) | |
| In re: | ) | Chapter 11 |
| DAYLIGHT BETA INTERMEDIATE II CORP. | ) | Case No. 23-90567 |
| Debtor. | ) | |
| Tax I.D. No. 85-2608842 | ) | |
| In re: | ) | Chapter 11 |
| DAYLIGHT BETA PARENT CORP. | ) | Case No. 23-90571 |
| Debtor. | ) | |
| Tax I.D. No. 85-1936788 | ) | |
| In re: | ) | Chapter 11 |
| HEALTH INSURANCE INNOVATIONS HOLDINGS, INC., | ) | Case No. 23-90574 |
| Debtor. | ) | |
| Tax I.D. No. 83-3351994 | ) | |
| In re: | ) | Chapter 11 |
| HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC, | ) | Case No. 23-90577 |
| Debtor. | ) | |
| Tax I.D. No. 46-0580972 | ) | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HEALTHINSURANCE.COM, LLC, | ) Case No. 23-90579 |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 95-4769525 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| HEALTHPOCKET, INC., | ) Case No. 23-90582 |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 45-5293710 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| INSURANCE CENTER FOR EXCELLENCE, LLC, | ) Case No. 23-90569 |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 45-5404618 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| RXHELPLINE, LLC, | ) Case No. 23-90572 |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 47-0989940 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| SUNRISE HEALTH PLANS, LLC, | ) Case No. 23-90575 |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 26-4123872 | ) |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOGETHERHEALTH INSURANCE, LLC, | ) | Case No. 23-90578 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 82-5189503 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOGETHERHEALTH PAP, LLC, | ) | Case No. 23-90580 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 27-2388439 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOTAL INSURANCE BROKERS, LLC, | ) | Case No. 23-90581 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-4127975 | ) | |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY
OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION
OF THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 2:00 p.m. (prevailing Central Time) on May 23, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on May 23, 2023, at 2:00 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's homepage. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance"**

4

> **link on Judge Lopez's homepage.  Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (this "Motion")[1]:

### Relief Requested

1. The Debtors seek entry of an order, substantially in the attached form (the "Order"), (a) directing procedural consolidation and joint administration of these Chapter 11 Cases; and (b) granting related relief.  Specifically, the Debtors request that the United States Bankruptcy Court for the Southern District of Texas (the "Court") maintain one file and one docket for all of the jointly administered cases under the case of Benefytt Technologies, Inc., Case No. 23-90566, and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BENEFYTT TECHNOLOGIES, INC., *et al.*,[1] | ) | Case No. 23-90566 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

1. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Benefytt Technologies, Inc. (2634); American Service Insurance Agency LLC (9115); Benefytt Reinsurance Solutions, LLC (4601); BimSym-HPIH, LLC (4626); Dawn Acquisition Company, LLC (0909); Daylight Beta Intermediate Corp. (7248); Daylight Beta Intermediate II Corp. (8842); Daylight Beta Parent Corp. (6788); Health Insurance Innovations Holdings, Inc. (1994); Health Plan Intermediaries Holdings, LLC (0972); Healthinsurance.com, LLC (9525); HealthPocket, Inc. (3710); Insurance Center for Excellence, LLC (4618); RxHelpline, LLC (9940); Sunrise Health Plans, LLC (3872); TogetherHealth Insurance, LLC (9503); TogetherHealth PAP, LLC (8439); and Total Insurance Brokers, LLC (7975).  The location of the Debtors' service address is:  3450 Buschwood Park Drive, Suite 200, Tampa, Florida 33618.

---

[1] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Michael DeVries, Chief Financial Officer of Benefytt Technologies, Inc. in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith on May 23, 2023 (the "Petition Date").  Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

5

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Benefytt Technologies, Inc., to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 11 cases of: Benefytt Technologies, Inc., Case No. 23-90566 (CML); American Service Insurance Agency LLC, Case No. 23-90565; Benefytt Reinsurance Solutions, LLC, Case No. 23-90568; BimSym-HPIH, LLC, Case No. 23-90570; Dawn Acquisition Company, LLC, Case No. 23-90573; Daylight Beta Intermediate Corp., Case No. 23-90576; Daylight Beta Intermediate II Corp., 23-90567; Daylight Beta Parent Corp., 2390571; Health Insurance Innovations Holdings, Inc., Case No. 23-90574; Health Plan Intermediaries Holdings, LLC, Case No. 23-90577; Healthinsurance.com, LLC, Case No. 23-90579; HealthPocket, Inc., Case No. 23-90582; Insurance Center for Excellence, LLC, Case No. 23-90569; RxHelpline, LLC, Case No. 23-90572; Sunrise Health Plans, LLC, Case No. 23-90575; TogetherHealth Insurance, LLC, Case No. 23-90578; TogetherHealth PAP, LLC, Case No. 23-90585; Total Insurance Brokers, LLC, Case No. 23-90581. The docket in Case No. 23-90566 (CML) should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 23-90566 (CML).**

## Jurisdiction and Venue

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein are sections 105(a) and 342(c) of the Bankruptcy Code, rule 1015(b) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and rules 1015-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

7. The Debtors are a technology-driven distributor of insurance products covering Medicare-related insurance plans as well as other types of health insurance and supplemental products that operate in 44 states including Texas, New York, California, and Florida. Headquartered in Tampa, Florida and employing approximately 855 people, the Debtors develop and operate Medicare and private health insurance online marketplaces, insurance agent technology systems, and insurance policy administration platforms, as well as conduct marketing and lead generation for insurance providers. The Debtors provide self-guided online tools for individuals to compare Medicare, private, and supplemental health insurance products; an extensive network of licensed insurance agents empowered by a technology platform to facilitate enrollments; and other insurance technology allowing agents and brokers to service their customers and manage their business seamlessly.

8. On the Petition Date, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated as of the date hereof.

## Basis for Relief

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities that commenced these chapter 11 cases are "affiliates," as that term is defined in section 101(2) of the

Bankruptcy Code. The Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10. Further, Bankruptcy Local Rules 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases. *See* Bankruptcy Local Rule 1015-1 (stating the procedure for filing motions and proposed orders for joint administration). The Debtors have filed this motion in compliance with the Bankruptcy Local Rules.

11. Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

12. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases. Accordingly, the joint administration of these Chapter 11 Cases is in the best interests of the Debtors' estates, their creditors, and all other parties in interest.

## Emergency Consideration

13. The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." This Motion requests relief from procedural rules and

8

requirements that pertain to matters of immediate significance or which involve deadlines sooner than twenty-one days after the Petition Date.  The relief will save costs and avoid undue administrative burden and confusion only if granted immediately.  The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

## Notice

14.     The Debtors have provided notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Consenting Term Lenders; (d) counsel to the Consenting Revolving Lenders; (e) counsel to the DIP Lender; (f) counsel to the agents under the Debtors' postpetition credit facilities and DIP credit facility; (g) the state attorneys general for each of the states in which the Debtors operate; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k)  other governmental agencies having a regulatory or statutory interest in these cases; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d).  In light of the nature of the relief requested, no other or further notice is required.

The Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
Dated:  May 23, 2023

/s/  *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Patrick J. Nash, P.C. (*pro hac vice* pending) |
| J. Machir Stull (TX Bar No. 24070697) | John R. Luze (*pro hac vice* pending) |
| Victoria N. Argeroplos (TX Bar No. 24105799) | Jeffrey T. Michalik (*pro hac vice* pending) |
| 1401 McKinney Street, Suite 1900 | Yusuf Salloum (*pro hac vice* pending) |
| Houston, TX 77010 | 300 North LaSalle Street |
| Telephone: (713) 752-4200 | Chicago, Illinois 60654 |
| Facsimile: (713) 752-4221 | Telephone:     (312) 862-2000 |
| Email:         mcavenaugh@jw.com | Facsimile:     (312) 862-2200 |
|                jwertz@jw.com | Email:          patrick.nash@kirkland.com |
|                mstull@jw.com |                    john.luze@kirkland.com |
|                vargeroplos@jw.com |                    jeff.michalik@kirkland.com |
| |                    yusuf.salloum@kirkland.com |
| *Proposed Co-Counsel to the Debtors and Debtors in Possession* | *Proposed Co-Counsel to the Debtors and Debtors in Possession* |

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

/s/  Matthew D. Cavenaugh
Matthew D. Cavenaugh

**Certificate of Service**

I certify that on May 23, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/  Matthew D. Cavenaugh
Matthew D. Cavenaugh