IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BENEFYTT TECHNOLOGIES, INC., *et al.*,[1] | ) | Case No. 23-90566 (CML) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) | **Re: Docket No.** \_\_\_\_\_ |

## ORDER AUTHORIZING THE DEBTORS
## TO FILE THE DIP AGENT FEE LETTER UNDER SEAL

Upon the motion (the "Sealing Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to file the Fee Letter under seal and (b) directing that the Fee Letter shall remain under seal and confidential and not be made available to anyone, without the prior written consent of both the Debtors and the DIP Agent, except to (i) the Court, (ii) the U.S. Trustee, (iii) any statutory committee that may be appointed in these cases (on a confidential and professional eyes only basis), and (iv) any other party as may be ordered by the Court or agreed to by the Debtors and the DIP Agent, in each case under appropriate confidentiality agreements reasonably satisfactory to the Debtors and the DIP Agent that preserve the confidentiality of the Fee Letter (and any information derived therefrom); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Benefytt Technologies, Inc. (2634); American Service Insurance Agency LLC (9115); Benefytt Reinsurance Solutions, LLC (4601); BimSym-HPIH, LLC (4626); Dawn Acquisition Company, LLC (0909); Daylight Beta Intermediate Corp. (7248); Daylight Beta Intermediate II Corp. (8842); Daylight Beta Parent Corp. (6788); Health Insurance Innovations Holdings, Inc. (1994); Health Plan Intermediaries Holdings, LLC (0972); Healthinsurance.com, LLC (9525); HealthPocket, Inc. (3710); Insurance Center for Excellence, LLC (4618); RxHelpline, LLC (9940); Sunrise Health Plans, LLC (3872); TogetherHealth Insurance, LLC (9503); TogetherHealth PAP, LLC (8439); and Total Insurance Brokers, LLC (7975). The location of the Debtors' service address is: 3450 Buschwood Park Drive, Suite 200, Tampa, Florida 33618.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Sealing Motion.

28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Sealing Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Sealing Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Sealing Motion and opportunity for a hearing on the Sealing Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Sealing Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any; and this Court having determined that the legal and factual bases set forth in the Sealing Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Debtors are authorized to file under seal the Fee Letter. The Fee Letter shall remain confidential, and shall not be made available to anyone, other than as provided in paragraph 2 of this Order, without the prior written consent of the Debtors and the DIP Agent or further order of the Court.

2.  The Debtors are authorized to cause the Fee Letter to be served on and made available, on a confidential basis, to: (a) the Court; (b) the U.S. Trustee; (c) any statutory committee that may be appointed in these cases (on a confidential and professional eyes only basis); and (d) any other party as may be ordered by the Court or agreed to by the Debtors and the DIP Agent in each case under appropriate confidentiality agreements reasonably satisfactory to the Debtors and the DIP Agent that preserve the confidentiality of the Fee Letter (and any information derived therefrom).

3. The Debtors and any party authorized to receive the Fee Letter shall be authorized and directed, subject to Bankruptcy Local Rule 9037-1, to redact specific references to the information set forth therein from pleadings filed on the public docket maintained in these chapter 11 cases.

4. Notice of the Sealing Motion as provided therein shall be deemed good and sufficient notice of such Sealing Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

5. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023

_____
UNITED STATES BANKRUPTCY JUDGE