# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BENEFYTT TECHNOLOGIES, INC., *et al.*,[1] | ) Case No. 23-90566 (CML) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) **Re: Docket No.** _____ |

## ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN AND ADMINISTER THEIR EXISTING CUSTOMER AND PARTNER PROGRAMS AND (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND (II) GRANTING RELATED RELIEF

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to (i) maintain and administer the Customer and Partner Programs, and (ii) honor certain prepetition obligations related to the Customer and Partner Programs; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Benefytt Technologies, Inc. (2634); American Service Insurance Agency LLC (9115); Benefytt Reinsurance Solutions, LLC (4601); BimSym-HPIH, LLC (4626); Dawn Acquisition Company, LLC (0909); Daylight Beta Intermediate Corp. (7248); Daylight Beta Intermediate II Corp. (8842); Daylight Beta Parent Corp. (6788); Health Insurance Innovations Holdings, Inc. (1994); Health Plan Intermediaries Holdings, LLC (0972); Healthinsurance.com, LLC (9525); HealthPocket, Inc. (3710); Insurance Center for Excellence, LLC (4618); RxHelpline, LLC (9940); Sunrise Health Plans, LLC (3872); TogetherHealth Insurance, LLC (9503); TogetherHealth PAP, LLC (8439); and Total Insurance Brokers, LLC (7975). The location of the Debtors' service address is: 3450 Buschwood Park Drive, Suite 200, Tampa, Florida 33618.

[2] Capitalized terms used and not defined herein have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtors are authorized to continue to honor all prepetition contracts and obligations under the Customer and Partner Programs, in the ordinary course of business, in the same manner and on the same basis as the Debtors honored such obligations prior to the commencement of these chapter 11 cases, as described in the Motion and satisfy prepetition obligations related thereto; *provided*, *however*, that the relief granted herein shall not constitute an approval or assumption of any Customer and Partner Program or related agreement or policy pursuant to section 365 of the Bankruptcy Code.

2. The Debtors are authorized, but not directed, to continue in the ordinary course of business to make payments on account of obligations related to Customer and Partner Programs that accrued prepetition and otherwise to continue to honor and maintain the Customer and Partner Programs in the ordinary course of business.

3. The Debtors are authorized, but not directed, to continue, renew, replace, modify, and/or terminate any of the Customer and Partner Programs as they deem appropriate in their discretion, in the ordinary course of business, and without further application to the Court.

4. The Debtors shall maintain a matrix/ schedule of payments/obligations/adjustments related to the Customer Contracts and Customer Programs made pursuant to this Order, including the following information: (a) the names of the payee/obligee; (b) the date and amount of the payment/obligation; (c) the category or type of payment/obligation; and (d) the Debtor or Debtors that made the payment or incurred the obligation as characterized in the motion. To the extent that any of the payments, obligations or adjustments are made to insiders (as that term is defined in the Bankruptcy Code), it should be reflected in the matrix/schedule. The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases 30 days beginning upon entry of this Order.

5. If, at any time during these chapter 11 cases, the Debtors cease to honor and maintain any of their Customer and Partner Programs, the Debtors shall promptly file a notice of the same with the Court.

6. Nothing contained in the Motion or this Order is intended or should be construed to create an administrative priority claim on account of any claims arising under or relating to the Customer and Partner Programs.

7. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume,

adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

8. Notwithstanding anything to the contrary in this Order, any payment made or to be made hereunder, and any authorization herein, shall be subject to the requirements (if any) imposed on the Debtors under any order(s) of this Court approving the postpetition secured debtor in possession financing facility and the use of cash collateral (any such order, a "Financing Order"), including any documentation with respect to such financing and any budget in connection with such Financing Order. In the event of any conflict between the terms of this Order and a Financing Order, the terms of the applicable Financing Order shall control (solely to the extent of such conflict).

9. The banks and financial institutions on which checks were drawn or electronic funds transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

10. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

11. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023

UNITED STATES BANKRUPTCY JUDGE