# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BENEFYTT TECHNOLOGIES, INC., *et al.*,[1] | ) ) ) | Case No. 23-90566 (CML) |
| Debtors. | ) ) ) | (Joint Administration Requested) **Re: Docket No. \_\_\_\_\_** |

## FINAL ORDER (I) AUTHORIZING
## THE DEBTORS TO PAY CERTAIN PREPETITION
## CLAIMS OF CRITICAL VENDORS, AND (II) GRANTING RELATED RELIEF

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Final Order"), (a) authorizing the Debtors to pay prepetition Critical Vendor Claims, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Benefytt Technologies, Inc. (2634); American Service Insurance Agency LLC (9115); Benefytt Reinsurance Solutions, LLC (4601); BimSym-HPIH, LLC (4626); Dawn Acquisition Company, LLC (0909); Daylight Beta Intermediate Corp. (7248); Daylight Beta Intermediate II Corp. (8842); Daylight Beta Parent Corp. (6788); Health Insurance Innovations Holdings, Inc. (1994); Health Plan Intermediaries Holdings, LLC (0972); Healthinsurance.com, LLC (9525); HealthPocket, Inc. (3710); Insurance Center for Excellence, LLC (4618); RxHelpline, LLC (9940); Sunrise Health Plans, LLC (3872); TogetherHealth Insurance, LLC (9503); TogetherHealth PAP, LLC (8439); and Total Insurance Brokers, LLC (7975). The location of the Debtors' service address is: 3450 Buschwood Park Drive, Suite 200, Tampa, Florida 33618.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtors are authorized to pay the prepetition Critical Vendor Claims in the ordinary course of business and consistent with their prepetition practices in an aggregate amount not to exceed $2.5 million on a final basis as set forth in the Motion and as the Debtors deem necessary in their reasonable business discretion; *provided* that, in the event Debtors will exceed $2.5 million, Debtors shall file a notice with the Court describing the overage amount.

2. Nothing herein shall impair or prejudice the Debtors' ability to contest, in their sole discretion, the extent, perfection, priority, validity, or amounts of the Critical Vendor Claims. The Debtors do not concede that any claims satisfied pursuant to this Final Order are valid, and the Debtors expressly reserve all rights to contest the extent, validity, or perfection or to seek the avoidance of all such liens or the priority of such claims.

3. This Final Order does not authorize payments to insiders (as such term is defined in section 101(31) of the Bankruptcy Code) or affiliates of an insider, of the Debtors. Nothing herein shall impair or prejudice the rights of the U.S. Trustee or any other party in interest to object to and seek the return of any payment made pursuant to this Final Order to an insider of the Debtors, and all rights of the Debtors and the relevant insider are reserved to respond to any such objection.

4.      As a condition to receiving payment of a Critical Vendor Claim, each claimant that accepts payment of a Critical Vendor Claim shall agree in writing (email being sufficient) in advance of such payment (a) to continue or recommence supplying services on terms that are at least as favorable as those in place in the twelve (12) months prior to the Petition Date (the "Customary Trade Terms") and (b) that, while these Chapter 11 Cases are pending, they are not permitted to cancel any contract, agreement or arrangement pursuant to which they provide goods or services; *provided* that the Debtors continue to pay for such goods and services are not otherwise in breach of such contract, agreement or arrangement.

5.      The Debtors have the right to adjust Customary Trade Terms with any Critical Vendor according to the facts and circumstances to the extent such adjustment is in the ordinary course of business and consistent with prepetition practices and the Debtors determine such adjustment is in the best interest of their estates.  The Debtors have the right to require additional favorable trade terms with any Critical Vendor as a condition to payment of any Critical Vendor Claim.

6.      If any Critical Vendor that accepts payment from the Debtors pursuant to the authority granted in this Final Order does not continue to provide goods or services on Customary Trade Terms, then: (a) the Debtors may then take any and all appropriate steps to cause such Critical Vendor to repay payments made to it on account of its prepetition claim to the extent that such payments exceed the postpetition amounts then owing to such Critical Vendor; (b) upon recovery by the Debtors, any prepetition claim of such Critical Vendor shall be reinstated as if the payment had not been made; (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the authority granted in this Final Order to such outstanding postpetition balance and

such Critical Vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise; and (d) the Debtors may pursue any other remedy available to them under applicable law or any executed trade agreement with such party.

7. Prior to making any payment pursuant to this Final Order to a Critical Vendor, the Debtors shall provide such Critical Vendor with a copy of this Final Order (unless previously provided to such Critical Vendor).

8. The Debtors shall maintain a matrix/schedule of payments made pursuant to this Final Order, including the following information: (a) the names of the payees; (b) the nature of the payment; (c) the amount of the payment; (d) the Debtor or Debtors that made the payment; (e) the payment date; and (f) the purpose of such payment. The Debtors shall provide a copy of such matrix/schedule to the advisors to the U.S. Trustee, any statutory committee appointed in the chapter 11 cases, counsel to the Consenting Term Lenders, counsel to the Consenting Revolving Lenders, and counsel to the DIP Lender on a monthly basis beginning upon entry of this Final Order.

9. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume,

adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

10. Notwithstanding anything to the contrary in this Final Order, any payment made or to be made hereunder, and any authorization herein, shall be subject to the requirements (if any) imposed on the Debtors under any order(s) of this Court approving the postpetition secured debtor in possession financing facility and the use of cash collateral (any such order, a "Financing Order"), including any documentation with respect to such financing and any budget in connection with such Financing Order. In the event of any conflict between the terms of this Final Order and a Financing Order, the terms of the applicable Financing Order shall control (solely to the extent of such conflict).

11. The banks and financial institutions on which checks were drawn or electronic funds transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

12. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: _____, 2023

UNITED STATES BANKRUPTCY JUDGE