**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BENEFYTT TECHNOLOGIES, INC., *et al.*,[1] | ) Case No. 23-90566 (CML) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) **Re: Docket No. _____** |

**ORDER (I) AUTHORIZING THE DEBTORS TO
(A) CONTINUE INSURANCE COVERAGE ENTERED INTO
PREPETITION AND SATISFY PREPETITION OBLIGATIONS RELATED
THERETO, (B) RENEW, SUPPLEMENT, AMEND, EXTEND, OR PURCHASE
INSURANCE POLICIES, (C) CONTINUE TO PAY BROKERAGE FEES, AND
(D) MAINTAIN THE SURETY BONDS, AND (II) GRANTING RELATED RELIEF**

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to (i) continue insurance coverage entered into prepetition and satisfy prepetition obligations related thereto in the ordinary course of business, (ii) renew, supplement, amend, extend, or purchase insurance coverage in the ordinary course of business on a postpetition basis, (iii) satisfy payment of prepetition obligations on account of and continue to pay Brokerage Fees, and (iv) maintain the Surety Bonds on an uninterrupted basis; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Benefytt Technologies, Inc. (2634); American Service Insurance Agency LLC (9115); Benefytt Reinsurance Solutions, LLC (4601); BimSym-HPIH, LLC (4626); Dawn Acquisition Company, LLC (0909); Daylight Beta Intermediate Corp. (7248); Daylight Beta Intermediate II Corp. (8842); Daylight Beta Parent Corp. (6788); Health Insurance Innovations Holdings, Inc. (1994); Health Plan Intermediaries Holdings, LLC (0972); Healthinsurance.com, LLC (9525); HealthPocket, Inc. (3710); Insurance Center for Excellence, LLC (4618); RxHelpline, LLC (9940); Sunrise Health Plans, LLC (3872); TogetherHealth Insurance, LLC (9503); TogetherHealth PAP, LLC (8439); and Total Insurance Brokers, LLC (7975).  The location of the Debtors' service address is:  3450 Buschwood Park Drive, Suite 200, Tampa, Florida 33618.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Debtors are authorized, but not directed, to continue the Insurance Policies including, without limitation, the Insurance Policies identified on **Exhibit 1** attached hereto and any related agreements, and to pay any prepetition or postpetition obligations related to the Insurance Policies, including the Insurance Premiums, and any amounts owed to the Insurance Carriers and the Insurance Broker in the amounts and categories described in the Motion.  For the avoidance of doubt, Insurance Policies include all tail and run-off policies.

2.      The Debtors are authorized, but not directed, in consultation with the Consenting of Term Lenders, Consenting Revolving Lenders, and DIP Lender, to renew, amend, supplement, and/or extend the Insurance Policies, and to purchase new insurance policies in the ordinary course of business, and to execute other agreements in connection therewith.  The Debtors shall provide

five days prior written notice (email sufficient) to counsel to (i) the U.S. Trustee, (ii) any statutory committee appointed in these chapter 11 cases, (iii) the Consenting Term Lenders, (iv) the Consenting Revolving Lenders, and the (v) DIP Lender before making any material modifications to their Insurance Policies existing as of the Petition Date.

3.      The Debtors are authorized, but not directed, to pay the prepetition Brokerage Fees in the amounts described in the Motion and to continue to pay Brokerage Fees on a postpetition basis in the ordinary course.

4.      The Debtors are authorized, but not directed, to maintain the Surety Bonds without interruption, including, without limitation, payment of the premium and fees thereof and execute any other agreements related to the Surety Bonds, and to pay any prepetition or postpetition obligations related to the Surety Bonds, in each case in the ordinary course of business and consistent with prepetition practices.

5.      The Debtors are authorized, in consultation with the Consenting Term Lenders, DIP Lenders, Consenting Revolving Lenders, to renew, supplement, amend, and/or extend the Surety Bonds, including, without limitation, the Surety Bonds identified on **Exhibit 2** attached hereto and maintenance of cash collateral (if any), or to purchase new Surety Bonds, and to execute other agreements, such as Standby Letters of Credit, in connection with the Surety Bonds in each case in the ordinary course of business and consistent with prepetition practices.  The Debtors shall provide five days prior written notice (email sufficient) to counsel to the U.S. Trustee, any statutory committee appointed in these chapter 11 cases, the Consenting Term Lenders, the Consenting Revolving Lenders, and the DIP Lenders before making any material modifications to their Surety Bonds existing as of the Petition Date.

6.     The Debtors are not authorized by this Order to take any action with respect to a Surety Bond that would have the effect of transforming a prepetition undersecured or unsecured Surety Bond obligation into a postpetition or secured obligation.  Such relief may be sought by separate motion, which may be heard on an expedited basis.

7.     Nothing in this Order authorizes the Debtors to accelerate any payments not otherwise due.

8.     Notwithstanding anything to the contrary in this Order, nothing herein shall be deemed to authorize the payment by the Debtors of the prepetition Deductibles and SIRs.  The Debtors' right to seek relief from this prohibition upon further notice and hearing, including on an emergency basis, are reserved.

9.     The Debtors shall maintain a matrix/schedule of payments made pursuant to this Order, including the following information: (i) the name of the payee; (ii) the nature, date and amount of the payment; (iii) the category or type of payment; and (iv) the Debtor or Debtors that made the payment.  The Debtors shall provide a copy of such matrix/schedule to counsel to the (i) Consenting Term Lenders, (ii) the Consenting Revolving Lenders, (iii) the DIP Lender, (iv) the  U.S. Trustee, and (v) counsel for any statutory committee appointed in these chapter 11 cases on a monthly basis.

10.    The Debtors will notify the U.S. Trustee and any statutory committee appointed in these chapter 11 cases if the Debtors renew, amend, supplement, extend, terminate, replace, increase, or decrease existing insurance coverage or change insurance carriers, enter into any new agreements in connection with the Insurance Policies, the Surety Bonds and related payment obligations, or obtain additional insurance coverage.

11.     Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

12.     Notwithstanding anything to the contrary in this Order, any payment made or to be made hereunder, and any authorization herein, shall be subject to the requirements (if any) imposed on the Debtors under any order(s) of this Court approving the postpetition secured debtor in possession financing facility and the use of cash collateral (any such order, a "Financing Order"), including any documentation with respect to such financing and any budget in connection with such Financing Order. In the event of any conflict between the terms of this Order and a Financing Order, the terms of the applicable Financing Order shall control (solely to the extent of such

conflict).

13.     The banks and financial institutions on which checks were drawn or electronic funds transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

14.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

15.     Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any person to whom any obligations under the Insurance Policies or Surety Bonds are owed.

16.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

17.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), and the Bankruptcy Local Rules are satisfied by such notice.

18.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

20.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Insurance Policies[1]**

| Type of Policy Coverage | Insurance Carrier(s) | Policy Number | Policy Term | Approx. Annual Premium[2] |
|---|---|---|---|---|
| Directors' and Officers' Liability ("D&O") - Primary | Chubb Group of Insurance Companies | 8261-0535 | 8/21/22 to 2/21/24 | $727,313 |
| D&O - First Excess | Intact Insurance Specialty Solutions | FIN-000579-0002 | Same as above | $525,000 |
| D&O - Second Excess | Ironshore Insurance Services, LLC | DO6AACLJ51001 | Same as above | $441,000 |
| D&O - Third Excess | AXA XL - Professional Insurance | ELU184914-22 | Same as above | $375,000 |
| Crime | Berkley | BCCR-45004900-20 | 8/21/22 to 8/21/23 | $31,595 |
| Employment Practices Liability Insurance ("EPLI") - Primary | CNA | 652364584 | Same as above | $50,660 |
| EPLI - Excess | Nationwide | XMS2209302 | Same as above | $45,000 |
| Fiduciary | Travelers | 107492455 | Same as above | $10,210 |
| Cyber Primary | Beazley | B0180FN2203807 | Same as above | $166,250 |
| Cyber - First Excess | Coalition | C-4MA7-201211-CEPMM-2022 | Same as above | $120,115 |
| Cyber - Second Excess | Starr | 10006350 | Same as above | $90,086 |
| Errors and Omissions Liability ("E&O") - Primary | Ironshore Insurance Services, LLC | PEO914879-01 | 2/21/23 to 2/21/24 | $275,000 |
| E&O - First Excess | Markel Corp. Group | MKLV7PL0005728 | Same as above | $206,250 |

---

[1]   The Debtors request authority to honor and renew existing Insurance Policies, as applicable, regardless of whether the Debtors inadvertently failed to include a particular Insurance Policy herein.

[2]   The annualized Insurance Premium does not include any additional taxes.

| Type of Policy Coverage | Insurance Carrier(s) | Policy Number | Policy Term | Approx. Annual Premium[2] |
|---|---|---|---|---|
| E&O - Second Excess | Sompo Holdings, Inc. | APX30001756402 | Same as above | $192,500 |
| E&O - Third Excess | Fairfax Financial (USA) Group | HE-0303-7864-022123 | Same as above | $180,400 |
| E&O - Fourth Excess | Scottsdale Insurance Company | XLS0126039-FL-02-00 | Same as above | $155,000 |
| E&O - Fifth Excess | Nautilus Insurance Company | MEX9067135-0223 | Same as above | $159,900 |
| General Liability | CNA | 7034509339 | 9/1/22 to 9/1/23 | $27,851 |
| Property | CNA | 7034509339 | Same as above | $25,701 |
| Auto | CNA | 7034509325 | Same as above | $7,243 |
| Umbrella Liability | CNA | 7034509311 | Same as above | $22,075 |
| Kidnap, Ransom, and Extortion | Great American Insurance Group | KR E487597 02 00 | 6/8/2022 to 8/21/2025 | $16,647 |
| Workers' Compensation | AmTrust North America | TWC4226601 | 1/26/2023 – 10/4/2023 | $132,573 |

**Exhibit 2**

**Surety Bonds[1]**

| Bond Number | Surety Bond Issuer | Principal | Beneficiary | Type of Bond | Bond Term[2] | Bond Amount |
|---|---|---|---|---|---|---|
| 30BSBIX5711 | Hartford Fire Ins. Co. | Health Plan Intermediaries Holdings, LLC | Arizona Dept. of Ins. | Third-Party Administrator Bond | 9/1/22 to 8/31/23 | $660,000 |
| 30BSBIX6147 | Same as above | Same as above | State of Georgia Office of Ins. and Safety Fire Commissioner | Same as above | Same as above | $100,000 |
| 30BSBIX6149 | Same as above | Same as above | State of Illinois Dept. of Ins. | Same as above | Same as above | $450,000 |
| 30BSBIX6148 | Same as above | Same as above | Ins. Division of Iowa | Same as above | Same as above | $50,000 |
| 30BSBIX6153 | Same as above | Same as above | Maine Bureau of Ins. | Same as above | Same as above | $75,000 |
| 30BSBIX6151 | Same as above | Same as above | Maryland Ins. Administration | Same as above | Same as above | $7,000 |
| 30BSBIX6154 | Same as above | Same as above | Minnesota Dept. of Commerce | Same as above | Same as above | $250,000 |
| 30BSBIX6155 | Same as above | Same as above | State of Missouri, Dept. of Ins., Financial Institutions and Professional Registration | Same as above | Same as above | $50,000 |
| 30BSBIX6156 | Same as above | Same as above | Financial Institutions Division, Dept. of Business and Industry, State of Nevada | Same as above | Same as above | $100,000 |
| 30BSBIX6158 | Same as above | Same as above | Oklahoma Ins. Dept. | Same as above | Same as above | $40,000 |
| 30BSBIX6159 | Same as above | Same as above | South Carolina Dept. of Ins. | Same as above | Same as above | $500,000 |
| 30BSBIX6161 | Same as above | Same as above | Ins. Commissioner, State of Utah | Same as above | Same as above | $5,000 |
| 30BSBIX6162 | Same as above | Same as above | Office of the Commissioner of Ins., Agent Licensing Section, State of Wisconsin | Same as above | Same as above | $331,100 |
| 30BSBIX6163 | Same as above | Same as above | Wyoming Ins. Dept. | Same as above | Same as above | $100,000 |

---

[1]   The Debtors request authority to honor and renew existing Surety Bonds, as applicable, regardless of whether the Debtors inadvertently failed to include a particular Surety Bond herein.

[2]   For the avoidance of doubt, all Surety Bonds listed herein remain active as of the Petition Date.  Each expiration date herein reflects the billing dates for annual Surety Bonds or the original expected expiration date for projects related thereto.

| Bond Number | Surety Bond Issuer | Principal | Beneficiary | Type of Bond | Bond Term$^2$ | Bond Amount |
|---|---|---|---|---|---|---|
| 30BSBIZ9406 | Hartford Casualty Ins. Co. | Same as above | Texas Dept. of Insurance | Same as above | 2/1/23 to 2/1/24 | $10,000 |
| **Letter of Credit Number** | **Issuing Carrier** | **Principal** | **Beneficiary** | **Type of Letter of Credit** | **Letter of Credit Term** | **Letter of Credit Premium** |
| 70004201 | Truist Bank | Benefytt, LLC | Axis Ins. Co. | Irrevocable Standby LOC | 08/1/2022 to 08/01/2023 | $189,000 |