# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BENEFYTT TECHNOLOGIES, INC., *et al.*,[1] | ) ) ) | Case No. 23-90566 (CML) |
| Debtors. | ) ) ) | (Joint Administration Requested) (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY
MOTION FOR ENTRY OF AN ORDER
(I) APPROVING THE DEBTORS' PROPOSED
ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE
UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS
FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES,
(III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING
ADEQUATE ASSURANCE REQUESTS, AND (IV) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 2:00 p.m. (prevailing Central Time) on May 23, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on May 23, 2023, at 2:00 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's homepage. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Benefytt Technologies, Inc. (2634); American Service Insurance Agency LLC (9115); Benefytt Reinsurance Solutions, LLC (4601); BimSym-HPIH, LLC (4626); Dawn Acquisition Company, LLC (0909); Daylight Beta Intermediate Corp. (7248); Daylight Beta Intermediate II Corp. (8842); Daylight Beta Parent Corp. (6788); Health Insurance Innovations Holdings, Inc. (1994); Health Plan Intermediaries Holdings, LLC (0972); Healthinsurance.com, LLC (9525); HealthPocket, Inc. (3710); Insurance Center for Excellence, LLC (4618); RxHelpline, LLC (9940); Sunrise Health Plans, LLC (3872); TogetherHealth Insurance, LLC (9503); TogetherHealth PAP, LLC (8439); and Total Insurance Brokers, LLC (7975). The location of the Debtors' service address is: 3450 Buschwood Park Drive, Suite 200, Tampa, Florida 33618.

> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's homepage. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state the following in support of this motion (this "<u>Motion</u>"):[2]

### Relief Requested

1. The Debtors seek entry of an order, substantially in the attached form (the "<u>Order</u>"), (a) determining that the Adequate Assurance Procedures (as defined herein) provide the Utility Providers (as defined herein) with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (b) prohibiting the Utility Providers from altering, refusing, or discontinuing services; (c) approving procedures for resolving any dispute concerning adequate assurance in the event that a Utility Provider is not satisfied with the Proposed Adequate Assurance (as defined herein); and (d) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Michael DeVries, Chief Financial Officer of Benefytt Technologies, Inc. in Support of Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), filed contemporaneously herewith on May 23, 2023 (the "<u>Petition Date</u>"). Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

4. The bases for the relief requested herein are sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1075-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

5. The Debtors are a technology-driven distributor of insurance products covering accidents, health benefits, life, and short-term medical that operate in 44 states including Texas, New York, California, and Florida. Headquartered in Tampa, Florida and employing approximately 855 people, the Debtors develop and operate Medicare and private health insurance online marketplaces, insurance agent technology systems, and insurance policy administration platforms, as well as conduct marketing and lead generation for insurance providers. The Debtors provide self-guided online tools for individuals to compare Medicare, private, and supplemental health insurance products; an extensive network of licensed insurance agents empowered by a proprietary online platform to facilitate enrollments; and other insurance technology allowing agents and brokers to service their customers and manage their business seamlessly.

6. On the Petition Date, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated as of the date hereof.

**Utility Services and Proposed Adequate Assurance**

**I.     Utility Services and Utility Providers.**

7.     In connection with the operation of their businesses, the Debtors obtain, either directly or indirectly, electricity, natural gas, water and sewage, telephone, internet, garbage, recycling, cable, and other similar services (collectively, the "Utility Services") from several utility companies (each, a "Utility Provider" and, collectively, the "Utility Providers"). A nonexclusive list of the Utility Providers and their affiliates that provide Utility Services to the Debtors as of the Petition Date (the "Utility Providers List") is attached to the Order as Exhibit 1.[3]

8.     As of the Petition Date, the Debtors estimate that they do not owe any amounts on account of prepetition Utility Services. On average, the Debtors pay approximately $36,300 each month for the Utility Services. The Debtors estimate that their cost for Utility Services during the thirty days following the Petition Date will be approximately $36,300. To the best of the Debtors' knowledge, none of the Utility Providers hold deposits from the Debtors, and the Debtors are not in possession of any funds allocated for any prepayments for the Utility Services.

9.     Should any Utility Provider refuse or discontinue service, even for a brief period, the Debtors' business operations will be severely disrupted, which would impair the Debtors' ability to manage their reorganization efforts and jeopardize the Debtors' revenue-generating capability to the detriment of all stakeholders in these chapter 11 cases. It is essential that the Utility Services continue uninterrupted during these chapter 11 cases.

---

[3] Although the Debtors believe that the Utility Providers List includes all of their Utility Providers, the Debtors reserve the right to supplement such list if they inadvertently omitted any Utility Provider. Additionally, inclusion or exclusion of an entity on the Utility Providers List is not an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights with respect to any such determination. The Debtors request relief applicable to all Utility Providers, regardless of whether such Utility Provider is specifically identified in Exhibit 1 of the Order.

4

**II.     Proposed Adequate Assurance of Payment.**

10.     The Debtors intend to timely pay undisputed postpetition obligations owed to the Utility Providers in the ordinary course of business.  The cash held by the Debtors, the cash generated in the ordinary course of business, and the cash available to the Debtors under their proposed debtor in possession financing facility will provide sufficient liquidity to pay the Debtors' Utility Service obligations in accordance with their prepetition practices during the pendency of these chapter 11 cases.

11.     To provide additional assurance of payment, the Debtors propose to deposit $18,200 (the "Adequate Assurance Deposit") into a newly-created, segregated account (the "Adequate Assurance Account") as soon as reasonably practicable, but no later than fifteen (15) business days after entry of the proposed Order.  The Adequate Assurance Deposit represents an amount equal to approximately half of the Debtors' average monthly cost of Utility Services, calculated based on the Debtors' average utility expenses for the most recent available twelve-month period preceding the Petition Date, excluding Utility Services billed directly to the Debtors' landlords.  The Adequate Assurance Deposit will be held in the Adequate Assurance Account for the benefit of the Utility Providers for the duration of these chapter 11 cases and may be applied to any postpetition defaults in payment to the Utility Providers.

12.     The Adequate Assurance Deposit, in conjunction with the Debtors not owing any amounts to the Utility Providers on account of prepetition Utility Services as of the Petition Date, the Debtors' cash flow from operations, cash on hand, and cash from the proposed debtor in possession financing (collectively, the "Proposed Adequate Assurance") demonstrate the Debtors' ability to pay for future Utility Services in accordance with their prepetition practices and constitutes sufficient adequate assurance to the Utility Providers in full satisfaction of section 366 of the Bankruptcy Code.

5

**III.    The Adequate Assurance Procedures.**

13.     Any Utility Provider that is not satisfied with the Proposed Adequate Assurance may make a request for additional or different adequate assurance of future payment (each, an "Adequate Assurance Request") pursuant to the adequate assurance procedures set forth in the Order (the "Adequate Assurance Procedures").  The Adequate Assurance Procedures will implement a streamlined process for Utility Providers to address potential concerns with respect to the Proposed Adequate Assurance, while allowing the Debtors to continue their business operations uninterrupted.  The Adequate Assurance Procedures permit a Utility Provider to object to the Proposed Adequate Assurance by serving an Adequate Assurance Request upon certain Notice Parties (as defined in the Order).  The Debtors may then resolve any Adequate Assurance Request by mutual agreement with the Utility Provider without further order of the Court.  If the Debtors determine that the Adequate Assurance Request cannot be resolved by mutual agreement, the Debtors may seek Court resolution of the Adequate Assurance Request.  Unless and until a Utility Provider files an objection or serves an Adequate Assurance Request, such Utility Provider shall be (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with section 366 of the Bankruptcy Code and (b) forbidden to discontinue, alter, or refuse services to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

**IV.    Modifications to the Utility Providers List.**

14.     The Debtors have made an extensive good-faith effort to identify all Utility Providers and include them on the Utility Providers List.  To the extent the Debtors subsequently identify additional Utility Providers or discontinue any Utility Services, the Debtors seek authority to amend the Utility Providers List to add or remove any Utility Provider.  The

Debtors further request that the relief requested in this Motion, including the proposed Adequate Assurance Procedures, and any Order granting this Motion shall apply to any Utility Provider subsequently added to the Utility Providers List (each, a "<u>Subsequently Identified Utility Provider</u>"), regardless of when such Utility Provider was added to the Utility Providers List. The Debtors will serve a copy of this Motion and the Order on any Subsequently Identified Utility Provider, and any Subsequently Identified Utility Provider shall have twenty-one days from the date of service of this Motion and the Order to make an Adequate Assurance Request. The Debtors shall have the period specified in the proposed Adequate Assurance Procedures to seek to resolve any Subsequently Identified Utility Provider's Adequate Assurance Request by mutual agreement with the Utility Provider without further order of this Court or shall schedule a hearing with this Court to determine the adequacy of assurance payment in accordance with the proposed Adequate Assurance Procedures.

## **Basis for Relief**

15. Section 366 of the Bankruptcy Code protects a debtor against the immediate termination or alteration of utility services after the Petition Date. *See* 11 U.S.C. § 366. Section 366(c) of the Bankruptcy Code requires the debtor to provide "adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility provider within thirty days of the petition date, or the utility provider may alter, refuse, or discontinue service. 11 U.S.C. § 366(c)(2). Although assurance of payment must be "adequate," it need not constitute an absolute guarantee of a debtor's ability to pay. *See In re Tekoil & Gas Corp.*, No. 08-80270G3-11, 2008 WL 2928555, at *2 n.1 (Bankr. S.D. Tex. July 21, 2008) (citing *In re Viking Offshore (USA) Inc.*, No. 08-31219-H3-11, 2008 WL 782449, at *3 n.3 (Bankr. S.D. Tex. Mar. 20, 2008) ("[A] debtor may continue to pay a utility, and a utility may

continue to provide service, in the absence of an injunction preventing the utility from terminating service.")).

16. Courts examine the totality of the circumstances to determine whether the utility provider will be subject to an unreasonable risk of nonpayment. *See In re Keydata Corp.*, 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) (citing *In re Cunha*, 1 B.R. 330 (Bankr. E.D. Va. 1979)). In determining the level of adequate assurance, however, "a bankruptcy court must focus upon the need of the utility for assurance, and . . . require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *See Va. Elec. & Power Co. v. Caldor, Inc. N.Y.*, 117 F.3d 646, 650 (2d Cir. 1997) (internal quotations and citations omitted).

17. Termination of the Utility Services could result in the Debtors' inability to operate their businesses to the detriment of all stakeholders. *See In re Pilgrim's Pride Corp.*, No. 08-45664 (DML), 2009 WL 7313309, at *2 (Bankr. N.D. Tex. Jan. 4, 2009) ("The consequences of an unexpected termination of utility service to [the debtors] could be catastrophic.").

18. The Utility Providers are adequately assured against any risk of nonpayment for future services. The Debtors endeavor to pay all utility bills on time in the ordinary course of business. The Adequate Assurance Deposit and the Debtors' ongoing ability to meet their obligations as they come due in the ordinary course provide assurance that the Debtors will pay their future obligations to the Utility Providers.

19. Courts are permitted to fashion reasonable procedures, such as the Adequate Assurance Procedures proposed herein, to implement the protections afforded under section 366 of the Bankruptcy Code. *See, e.g.*, *In re Circuit City Stores Inc.*, No. 08-35653, 2009 WL 484553,

at *5 (Bankr. E.D. Va. Jan. 14, 2009) (stating that "the plain language of [section] 366 of the Bankruptcy Code allows the Court to adopt the Procedures set forth in the [u]tility [o]rder"). Such procedures are important because, without them, the Debtors "could be forced to address numerous requests by utility companies in an unorganized manner at a critical period in their efforts to reorganize." *Id*. Notwithstanding a determination that the Proposed Adequate Assurance is sufficient, any rights that the Utility Providers believe they have under sections 366(b) and 366(c)(2) of the Bankruptcy Code are wholly preserved under the Adequate Assurance Procedures. The Utility Providers still may choose, in accordance with the Adequate Assurance Procedures, to request modification of the Proposed Adequate Assurance. The Adequate Assurance Procedures avoid a haphazard and chaotic process whereby each Utility Provider could make an extortionate, last-minute demand for adequate assurance that would force the Debtors to pay under the threat of losing critical Utility Services.

20. The Adequate Assurance Procedures are reasonable and in accord with the purposes of section 366 of the Bankruptcy Code. The Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Adequate Assurance Procedures and the Proposed Adequate Assurance are necessary and appropriate to carry out the provisions of the Bankruptcy Code. The Court should exercise its powers under sections 366 and 105(a) of the Bankruptcy Code and approve both the Adequate Assurance Procedures and the Proposed Adequate Assurance.

**Emergency Consideration**

21. Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid

immediate and irreparable harm." Failure to receive the requested relief during the first twenty-one days of these chapter 11 cases would imperil the Debtors' restructuring and cause irreparable harm. The Debtors have satisfied the "immediate and irreparable harm" standard and request that the Court approve the Motion on an emergency basis.

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

22.     The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h).

### Reservation of Rights

23.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek

avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

### **Notice**

24. The Debtors have provided notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Consenting Term Lenders; (d) counsel to the Consenting Revolving Lenders; (e) counsel to the DIP Lender; (f) counsel to the agents under the Debtors' postpetition credit facilities and DIP credit facility; (g) the state attorneys general for each of the states in which the Debtors operate; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) other governmental agencies having a regulatory or statutory interest in these cases; (l) the Utility Providers; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d). In light of the nature of the relief requested, no other or further notice is required.

The Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
Dated:   May 23, 2023

                                            */s/ Yusuf Salloum*
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Patrick J. Nash, P.C. (*pro hac vice* pending)
John R. Luze (*pro hac vice* pending)
Jeffrey T. Michalik (*pro hac vice* pending)
Yusuf Salloum (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   patrick.nash@kirkland.com
        john.luze@kirkland.com
        jeff.michalik@kirkland.com
        yusuf.salloum@kirkland.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

## Certificate of Accuracy

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/  Yusuf Salloum*
Yusuf Salloum

## Certificate of Service

I certify that on May 23, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/  Yusuf Salloum*
Yusuf Salloum