IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BENEFYTT TECHNOLOGIES, INC., *et al.*,[1] | ) ) ) | Case No. 23-90566 (CML) |
| Debtors. | ) ) ) | (Joint Administration Requested) **Re: Docket No.** _____ |

**ORDER (I) APPROVING THE DEBTORS' PROPOSED
ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE
UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS
FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES,
(III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING
ADEQUATE ASSURANCE REQUESTS, AND (IV) GRANTING RELATED RELIEF**

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) approving the Proposed Adequate Assurance of payment for future Utility Services; (b) prohibiting Utility Providers from altering, refusing, or discontinuing services; (c) approving the Adequate Assurance Procedures for resolving Adequate Assurance Requests; and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Benefytt Technologies, Inc. (2634); American Service Insurance Agency LLC (9115); Benefytt Reinsurance Solutions, LLC (4601); BimSym-HPIH, LLC (4626); Dawn Acquisition Company, LLC (0909); Daylight Beta Intermediate Corp. (7248); Daylight Beta Intermediate II Corp. (8842); Daylight Beta Parent Corp. (6788); Health Insurance Innovations Holdings, Inc. (1994); Health Plan Intermediaries Holdings, LLC (0972); Healthinsurance.com, LLC (9525); HealthPocket, Inc. (3710); Insurance Center for Excellence, LLC (4618); RxHelpline, LLC (9940); Sunrise Health Plans, LLC (3872); TogetherHealth Insurance, LLC (9503); TogetherHealth PAP, LLC (8439); and Total Insurance Brokers, LLC (7975). The location of the Debtors' service address is:  3450 Buschwood Park Drive, Suite 200, Tampa, Florida 33618.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Adequate Assurance Deposit and the Adequate Assurance Procedures are hereby approved and are deemed adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

2. Within three (3) business days after entry of the Order, the Debtors shall fax, e-mail, serve by mail, or otherwise expeditiously send a copy of the Motion and this Order to the Utility Providers on the Utility Providers List.

3. The Debtors are authorized to cause the Adequate Assurance Deposit to be held in the Adequate Assurance Account during the pendency of these chapter 11 cases. No liens senior to the interests of the Utility Providers shall encumber the Adequate Assurance Deposit or the Adequate Assurance Account.

4. The following Adequate Assurance Procedures are hereby approved:

    a. Subject to paragraphs (b)-(j) below, the Debtors shall deposit the Adequate Assurance Deposit in the amount of $18,200 in the Adequate Assurance

        Account for the benefit of the Utility Providers as soon as reasonably practicable, but no later than fifteen (15) business days after the entry of this Order; *provided* that, within thirty (30) days from the Petition Date, the Debtors may increase the Adequate Assurance Deposit to account for any Adequate Assurance Request that has not been mutually resolved by the Debtors and the applicable Utility Provider or by the Court; *provided further* that the Debtors may increase the Adequate Assurance Deposit to account for any Adequate Assurance Request that has not been mutually resolved by the Debtors and the applicable Subsequently Identified Utility Provider or by the Court.

b.     The funds in the Adequate Assurance Account shall constitute adequate assurance for each Utility Provider in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility Providers List.

c.     A Utility Provider may request a disbursement from the Adequate Assurance Account if the Debtors have not satisfied their postpetition payment obligation with respect to the Utility Services in accordance with the terms and conditions of such service, and such payment obligation remains unpaid beyond any applicable grace period.  No disbursement will be made from the Adequate Assurance Account unless the requesting Utility Provider provides written notice (email sufficient) to the following parties: (a) the Debtors, Benefytt Technologies, Inc., 3450 Buschwood Park Drive, Suite 200, Tampa, Florida 33618; Attn: Domenick DiCicco (ddicicco@bfyt.com); (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr., P.C. (patrick.nash@kirkland.com), John R. Luze (john.luze@kirkland.com), Jeffrey T. Michalik (jeff.michalik@kirkland.com), Yusuf Salloum (yusuf.salloum@kirkland.com); (c) proposed co-counsel to the Debtors, Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, TX 77010, Attn: Matthew D. Cavenaugh (mcavenaugh@jw.com), Jennifer F. Wertz (jwertz@jw.com), J. Machir Stull (mstull@jw.com), Victoria N. Argeroplos (vargeroplos@jw.com); (d) the Office of the United States Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002; (d) counsel to any statutory committee appointed in these cases; (e) counsel to the DIP Agent; (f) counsel to the DIP Lender, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: Joseph M. Graham (jgraham@paulweiss.com) and Leslie E. Liberman (lliberman@paulweiss.com); and (g) counsel to the Consenting Term Lenders Lenders, Akin Gump Strauss Hauer & Feld LLP, 2001 K Street N.W., Washington D.C. 20006 Attn: Scott L. Alberino (salberino@akingump.com) and Benjamin L. Taylor (taylorb@akingump.com) (collectively, the "Notice Parties"). The Debtors shall honor such request within five (5) business days after the date the request is received by the Debtors, subject to the ability of the Debtors and

|   |   |
|---|---|
|   | any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court.  To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount so disbursed. |
| d. | The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors automatically, without further order of the Court, on the earlier of (i) reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Provider, (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases, or (iii) the consummation of a sale, pursuant to section 363 of the Bankruptcy Code, of all or substantially all the assets of the Debtors. |
| e. | Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve an Adequate Assurance Request on the Notice Parties within thirty (30) days beginning on the Petition Date; *provided* that any Subsequently Identified Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve an Adequate Assurance Request on the Notice Parties within twenty-one (21) days from the date of service of the Motion and the Order. |
| f. | The Adequate Assurance Request must (i) be made in writing, (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each such account, and (iii) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment under section 366 of the Bankruptcy Code or the basis for seeking the Adequate Assurance Request, each as applicable. |
| g. | Unless and until a Utility Provider files an objection or serves an Adequate Assurance Request in accordance with the Adequate Assurance Procedures, the Utility Provider will be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of  the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges or requiring additional assurance of payment other than the Proposed Adequate Assurance. |
| h. | The Debtors may, in consultation with the advisors to the Consenting Term Lenders, the Consenting Revolving Lenders, and the DIP Lender, and without further order from the Court, resolve an Adequate Assurance Request by mutual agreement with a Utility Provider, and the Debtors may, in connection with any such agreement, provide a Utility Provider with |

        additional adequate assurance of payment including cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable after consultation with each of the advisors to the Consenting Term Lenders, the Consenting Revolving Lenders, and the DIP Lender; *provided, however*, that the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to any official committee appointed in these cases and the U.S. Trustee upon demand.

    i.    If the Debtors and the Utility Provider are not able to reach an alternative resolution within fourteen (14) days of receipt of the Adequate Assurance Request, the Debtors or the Utility Provider will request a hearing before the Court as soon as reasonably practicable, to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

    j.    Pending resolution of the Determination Hearing, the Utility Provider filing such Adequate Assurance Request will be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

5.    The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures set forth herein.

6.    Unless and until a Utility Provider files an objection or serves an Adequate Assurance Request, such Utility Provider shall be: (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with section 366 of the Bankruptcy Code; and (b) forbidden from (i) discontinuing, altering, or refusing services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance, and (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

7.    The inclusion of any entity in, as well as any omission of any entity from, the Utility Providers List shall not be deemed an admission by the Debtors that such entity is, or is not, a

utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

8. The Debtors are authorized, in consultation with the advisors to the Consenting Term Lenders, the Consenting Revolving Lenders, and the DIP Lender, to: (a) add any Subsequently Identified Utility Provider to the Utility Providers List; (b) remove any Utility Provider from the Utility Providers List; and (c) add to or subtract from the Adequate Assurance Deposit the portion of such deposit allocated to added or removed Utility Providers or Subsequently Identified Utility Providers; *provided* that the Debtors shall provide notice (as set forth in paragraph 10 herein) to the Subsequently Identified Utility Provider of its addition to the Utility Providers List and of its corresponding proposed Adequate Assurance Deposit; *provided further,* that the Debtors shall provide fourteen (14) days' notice to the Utility Provider that it is being removed from the Utility Providers List and that the corresponding amount in the Adequate Assurance Deposit will be deducted from the Adequate Assurance Account. If an objection is received, the Debtors may request a hearing before this Court regarding such objection. The Debtors shall not deduct the Adequate Assurance Deposit in the amount set aside for any Utility Provider that the Debtors seek to terminate or delete from the Utility Providers List unless and until the fourteen (14) day notice period has expired.

9. The Debtors must: (a) serve any Subsequently Identified Utility Provider a copy of the Motion and Order within three (3) business days of such provider being added to the Utility Providers List; (b) allocate additional amounts to the Adequate Assurance Deposit in accordance with this Order; and (c) provide notice to the Subsequently Identified Utility Provider of its proposed Adequate Assurance Deposit. Any Subsequently Identified Utility Provider shall (a) be bound to the Adequate Assurance Procedures and (b) have twenty-one (21) days from the

date of service of the Motion and the Order to make a request for additional adequate assurance of payment in accordance with the Adequate Assurance Procedures.

10.     The Debtors shall not add any Utility Providers to the Utility Providers List after thirty (30) days from the Petition Date.

11.     Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

12.     Notwithstanding anything to the contrary in this Order, any payment made or to be made hereunder, and any authorization herein, shall be subject to the requirements (if any) imposed on the Debtors under any order(s) of this Court approving the postpetition secured debtor in

possession financing facility and the use of cash collateral (any such order, a "<u>Financing Order</u>"), including any documentation with respect to such financing and any budget in connection with such Financing Order. In the event of any conflict between the terms of this Order and a Financing Order, the terms of the applicable Financing Order shall control (solely to the extent of such conflict).

13. The banks and financial institutions on which checks were drawn or electronic funds transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

14. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

15. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

16. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

19. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023

                                                              UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Utility Providers List

**Utility Providers List**

| Utility Provider | Utility Address | Service Provided | Account Number | Adequate Assurance Estimate (in $) |
|---|---|---|---|---|
| AT&T Corp | ACC Business<br>400 West Avenue<br>Rochester, NY 14611 | Phone Service; Internet | 00001227913; 00001223644 | $1,379.35 |
| AT&T Mobility | P.O. Box 6463<br>Carol Stream, IL 60197 | Phone Service; Internet | 287262990845 | $186.80 |
| Charter Communications Holdings, LLC | Charter Communications<br>P.O. Box 223085<br>Pittsburgh, PA 15251-2085 | Phone Service; Internet | 105393901 | $2,323.50 |
| City of Port St. Lucie | Utility Systems Dept.<br>P.O. Drawer 8987<br>Port St. Lucie, FL 34985-8987 | Water | 1066133054425; 1066133816628 | $997.18 |
| Comcast Cable Communications Management, LLC | P.O. Box 71211<br>Charlotte, NC 28272-1211 | Phone Service; Internet | 708678076; 8535 11 485 1623567; 930892126 | $1,419.58 |
| CyraCom International, Inc. | P.O. Box 74008076<br>Chicago IL 60674-8076 | Phone Service; Internet | 908696 | $158.94 |
| Florida Power & Light Company | General Mail Facility<br>Miami, FL 33188-0001 | Electricity | 70751-41395 | $5,050.33 |
| Lumen Tech d/b/a Level 3 Communications, LLC | 100 CenturyLink Drive<br>Monroe, LA 71203 | Phone Service; Internet | 5-2VVPSBYB; 5-2VVPSBY | $1,244.81 |
| Stiles Property Fund LP | 301 East Las Olas Blvd<br>Ft. Lauderdale, FL 33301 | Electricity | n/a | $1,213.21 |
| Vonage Business | Dept. # 3151<br>P.O. Box 123151<br>Dallas, TX 75312-3151 | Phone Service; Internet | 40731; 908060; 914700; 914699; 914701; 914753 | $4,184.37 |