## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| BENEFYTT TECHNOLOGIES, INC., *et al.*,[1] | ) Case No. 23-90566 (CML) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) (Emergency Hearing Requested) |

## DEBTORS' EMERGENCY MOTION
## FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
## DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE
## INFORMATION, (II) APPROVING THE FORM AND MANNER OF
## NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE CHAPTER
## 11 CASES AND OTHER INFORMATION, AND (III) GRANTING RELATED RELIEF

**Emergency relief has been requested. Relief is requested not later than 2:00 p.m. (prevailing Central Time) on May 23, 2023.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on May 23, 2023, at 2:00 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's homepage. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's homepage. Select the case name, complete the required fields**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Benefytt Technologies, Inc. (2634); American Service Insurance Agency LLC (9115); Benefytt Reinsurance Solutions, LLC (4601); BimSym-HPIH, LLC (4626); Dawn Acquisition Company, LLC (0909); Daylight Beta Intermediate Corp. (7248); Daylight Beta Intermediate II Corp. (8842); Daylight Beta Parent Corp. (6788); Health Insurance Innovations Holdings, Inc. (1994); Health Plan Intermediaries Holdings, LLC (0972); Healthinsurance.com, LLC (9525); HealthPocket, Inc. (3710); Insurance Center for Excellence, LLC (4618); RxHelpline, LLC (9940); Sunrise Health Plans, LLC (3872); TogetherHealth Insurance, LLC (9503); TogetherHealth PAP, LLC (8439); and Total Insurance Brokers, LLC (7975). The location of the Debtors' service address is: 3450 Buschwood Park Drive, Suite 200, Tampa, Florida 33618.

**and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state the following in support of this motion (this "<u>Motion</u>"):[2]

### Relief Requested

1.     The Debtors seek entry of an order, substantially in the attached form (the "<u>Order</u>"), (a) authorizing the Debtors to redact certain personally identifiable information; (b) approving the form and manner of notifying creditors of the of commencement of these chapter 11 cases; and (c) granting related relief.

### Jurisdiction and Venue

2.     The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157 (b).  The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The bases for the relief requested herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rules 2002, 6003, and 9037(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "<u>Bankruptcy Local Rules</u>").

---

[2]     A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Michael DeVries, Chief Financial Officer of Benefytt Technologies, Inc. in Support of Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), filed contemporaneously herewith on May 23, 2023 (the "<u>Petition Date</u>").  Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

**Background**

5.      The Debtors are a technology-driven distributor of insurance products covering Medicare-related insurance plans as well as other types of health insurance and supplemental products that operate in 44 states including Texas, New York, California, and Florida. Headquartered in Tampa, Florida and employing approximately 855 people, the Debtors develop and operate Medicare and private health insurance online marketplaces, insurance agent technology systems, and insurance policy administration platforms, as well as conduct marketing and lead generation for insurance providers.  The Debtors provide self-guided online tools for individuals to compare Medicare, private, and supplemental health insurance products; an extensive network of licensed insurance agents empowered by a technology platform to facilitate enrollments; and other insurance technology allowing agents and brokers to service their customers and manage their business seamlessly.

6.      On the Petition Date, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated as of the date hereof.

**Basis for Relief**

**I.     Redaction of Certain Confidential Information of Individuals Is Warranted.**

7.      Section 107(c) of the Bankruptcy Code provides that the Court:

for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

(A) Any means of identification . . . contained in a paper filed, or to be filed in a case under [the Bankruptcy Code].

(B) Other information contained in a paper described in subparagraph (A).

8.      11 U.S.C. § 107(c)(1).  In addition, Bankruptcy Rule 9037(a) authorizes the redaction of personally identifiable information of minors.  *See* Fed. R. Bankr. P. 9037(a). Moreover, privacy and data protection regulations have been enacted in key jurisdictions in which the Debtors and their non-Debtor affiliates do business.  To the extent implicated, the Debtors request the redaction of personally identifiable information under these laws and regulations. More specifically, the United Kingdom Data Protection Act of 2018 and the United Kingdom General Data Protection Regulation (together, the "UK GDPR"), the European General Data Protection Regulation (the "EU GDPR"), and similar laws in other jurisdictions, impose significant constraints on the processing (which includes the transferring or disclosing) of information relating to identified or identifiable individuals (which includes names and home and email addresses of individuals and individual business contacts) ("Personal Data").  The UK GDPR and EU GDPR apply to the processing of Personal Data in the context of an establishment of a controller or processor in the United Kingdom, regardless of whether the processing takes place in the United Kingdom, or the European Economic Area, regardless of whether the processing takes place in the European Economic Area (and, in some circumstances, organizations established in other

4

countries when processing Personal Data relating to individuals located in the United Kingdom or European Economic Area).

9.      The UK GDPR and EU GDPR require a legal basis for any processing (including disclosure) of Personal Data. The only possible legal basis that may apply for disclosing the Personal Data in this instance would be the "legitimate interests" ground (Article 6(1)(f) UK GDPR and EU GDPR). This ground, however, will only apply where the processing is necessary for the relevant purpose. Such processing will not be necessary where there is a less intrusive way of achieving that purpose. This ground will also not apply if, when balanced against each other, the rights and freedoms of the relevant individuals override the legitimate interest in question. The legal basis of "compliance with a legal obligation" (Article 6(1)(c) UK GDPR and EU GDPR) would not be applicable in this situation because the legal obligation must exist under UK or EU law, which is not the case in the context of these chapter 11 cases.

10.     In addition, processing (including disclosure) under the UK GDPR and EU GDPR must comply with certain key principles, including the principle of data minimization, which requires that any processing must be necessary in relation to its purpose. The disclosure of the unredacted names and home addresses (or other Personal Data) of individual creditors on the public docket is not necessary for the purpose of reviewing the claim amounts of individual creditors in connection with a plan of reorganization or administering the chapter 11 cases, and the proposed redaction would be a less intrusive way of achieving this purpose. The right of individual creditors not to have their unredacted names and home addresses disclosed on the public docket would also override the legitimate interest of disclosing such information to facilitate these chapter 11 cases. Disclosure in an unredacted form therefore risks breaching the UK GDPR and EU GDPR

on account of (i) having no legal basis and (ii) breaching the minimization principle.

11.     Violators of the UK GDPR and EU GDPR risk severe penalties.  If an organization is found to have processed information in breach of the UK GDPR, the organization may be fined up to the higher of £17,500,000 or 4% of worldwide annual turnover—i.e., total annual revenues—of the preceding financial year.  *See* United Kingdom Data Protection Act 2018, section 157(5)(a) (as amended by Data Protection, Privacy and Electronic Communications (Amendments etc.)) (EU Exit) Regulations 2019.  Similarly, for a breach of the EU GDPR, the organization may be fined up to the higher of €20,000,000 or 4% of worldwide annual turnover—i.e., total annual revenues—of the preceding financial year.  *See* General Data Protection Regulation (EU) 2016/679, art. 83(5).[3]  The processing of information includes transferring or disclosing it to others.  The UK GDPR and EU GDPR may apply to the Debtors, specifically, as certain of the Debtors may be processing data relating to their creditors, including employees, contract workers, vendors, suppliers, and individual equity holders, in the context of an establishment in the United Kingdom or in a member state of the European Economic Area (such as the Debtors' foreign branches in Portugal and Greece).

12.     It is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these chapter 11 cases, including the consolidated list of creditors (the "Creditor Matrix"), the Debtors' schedules and statements of financial affairs ("Schedules and Statements"), and any other document filed with the Court (a) all personally identifiable information of minors, (b) the names, home, and email addresses of individual creditors—including the Debtors' employees, contract workers, vendors, suppliers—and individual equity

---

[3]     Indeed, on May 12, 2023, the Data Protection Commission of Ireland fined Facebook (Meta Ireland) €1.2 billion for improperly transferring data to the United States under the EU GDPR. *See In re Meta Platforms Ireland Ltd.*, Reference No. IN-20-8-1 (Ir. Data Prot. Comm'n May 12, 2023).

holders, and (c) to the extent implicated and out of an abundance of caution, the names, home and email addresses, and other Personal Data of any natural person to the extent they are processed subject to the UK GDPR or EU GDPR, because, respectively, (x) such information can be used to perpetrate identity theft and phishing scams or to locate survivors of domestic violence, harassment, or stalking under 11 U.S.C. § 107(c)(1), and (y) disclosure risks violating the UK GDPR and EU GDPR, exposing the Debtors to potential civil liability and significant financial penalties.

13.     The risk in relation to section 107(c)(1) of the Bankruptcy Code is not merely speculative.  In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[4]  More recently, in a chapter 11 case in the Southern District of New York, at least four phishing scams have been uncovered.[5]  These incidents targeted individuals whose names were publicized in the creditor matrix and include two attacks where scammers posed as associates of debtors' counsel using fake email accounts and requested that individual creditors reply with their account and other personal information, another where scammers posed as the debtors' claims agent and requested the same information from individual creditors, and a fourth attack where scammers sent a doctored court order suggesting individuals had to provide account access information to be able to receive a recovery in the debtors' cases. These events also suggest that disclosure of Personal Data may not satisfy a

---

[4]     The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019), ECF No. 4.

[5]     *See In re Celsius Network, LLC*, Case No. 22-10964 (MG), Docket Nos. 1527, 1904, 1992, 2082.

legitimate interests assessment and would not be compliant with the minimization principle under the UK GDPR and EU GDPR.

14.    The Debtors propose to provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to the proposed order to (a) the Court, (b) the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), (c) counsel to any official committee appointed in these chapter 11 cases, (d) counsel to the DIP Lender, (e) the proposed Claims and Noticing Agent (as defined below) and (f) any party in interest upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to these chapter 11 cases.  In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under the UK GDPR, EU GDPR, or any other privacy or data protection law or regulation.  The relief sought by this Motion does not preclude a party in interest's right to file a motion requesting that the Court unseal the information redacted by the Order.  In addition, the Debtors will distribute as applicable any notices that are received at the Debtors' corporate headquarters and are intended for a current employee.

15.    For these reasons, cause exists to authorize the Debtors to redact, pursuant to section 107(c)(1) of the Bankruptcy Code and, to the extent implicated and out of an abundance of caution, in compliance with the UK GDPR and EU GDPR, the names, home, and email addresses of individuals who are U.S. citizens residing in the United States (and, where such information has been provided to, and is being processed by, an organization with an establishment located in the United Kingdom or a member state of the European Economic Area, the names, home and email addresses, and other Personal Data of any individual) listed on the Creditor Matrix, Schedules and Statements, or any other document filed with the Court.  Absent such relief, the Debtors (a) may be in violation of applicable data privacy law, thereby exposing them to severe

monetary penalties that could threaten the Debtors' operations during this sensitive stage of their restructuring, (b) would unnecessarily render individuals more susceptible to identity theft, and (c) could jeopardize the safety of employees, contract workers, vendors, suppliers, and other individual creditors or individual equity holders who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

**II.     Service of Required Notices to Creditors.**

16.     Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a).  Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors.  *See* Fed. R. Bankr. P. 2002(f).

17.     The Debtors propose that Stretto, Inc. ("Stretto"), the Debtors' proposed claims and noticing agent (the "Claims and Noticing Agent"), undertake all mailings directed by the Court or the U.S. Trustee or as required in section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), including the notice of commencement of these chapter 11 cases, substantially in the form attached as Exhibit 1 to the proposed Order (the "Notice of Commencement"), on all parties listed in the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code.  Service of the Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors, but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' extensive Creditor Matrix.  Accordingly, service of the Notice of Commencement is warranted.

18.     The Debtors believe that using Stretto to promptly provide notices to all applicable parties will maximize efficiency in administering these chapter 11 cases and will ease

administrative burdens that would otherwise fall upon the Court and the U.S. Trustee. Additionally, Stretto will assist the Debtors in preparing creditor lists and mailing initial notices, and, therefore, it is more efficient to authorize Stretto to mail the Notice of Commencement of these chapter 11 cases.  Accordingly, Stretto should undertake such mailings.

### **Emergency Consideration**

19.     The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations.  Failure to receive the requested relief during the first twenty-one days of these chapter 11 cases would imperil the Debtors' restructuring and cause irreparable harm.  The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

### **Notice**

20.     The Debtors have provided notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Consenting Term Lenders; (d) counsel to the Consenting Revolving Lenders; (e) counsel to the DIP Lender; (f) counsel to the agents under the Debtors' postpetition credit facilities and DIP credit facility; (g) the state attorneys general for each of the states in which the Debtors operate; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k)  other governmental agencies having a regulatory or statutory interest in these cases; (l) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy

Local Rule 9013-1(d).  In light of the nature of the relief requested, no other or further notice is

required.

The Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
Dated:  May 23, 2023

/s/  *Matthew D. Cavenaugh*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
J. Machir Stull (TX Bar No. 24070697)
Victoria N. Argeroplos (TX Bar No. 24105799)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email:        mcavenaugh@jw.com
                    jwertz@jw.com
                    mstull@jw.com
                    vargeroplos@jw.com


*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Patrick J. Nash, P.C. (*pro hac vice* pending)
John R. Luze (*pro hac vice* pending)
Jeffrey T. Michalik (*pro hac vice* pending)
Yusuf Salloum (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:       (312) 862-2200
Email:             patrick.nash@kirkland.com
                        john.luze@kirkland.com
                        jeff.michalik@kirkland.com
                        yusuf.salloum@kirkland.com


*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**<u>Certificate of Accuracy</u>**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**<u>Certificate of Service</u>**

I certify that on May 23, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh