IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BENEFYTT TECHNOLOGIES, INC., *et al.*,[1] | ) ) ) | Case No. 23-90566 (CML) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**DEBTORS' FIRST OMNIBUS MOTION FOR
ENTRY OF AN ORDER (I) AUTHORIZING, EFFECTIVE AS OF THE
PETITION DATE, (A) THE REJECTION OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND (B) ABANDONMENT OF
CERTAIN PERSONAL PROPERTY AND (II) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

> **COUNTERPARTIES RECEIVING THIS OMNIBUS REJECTION MOTION SHOULD LOCATE THEIR NAMES AND CONTRACTS OR LEASES, AS APPLICABLE, IN THE SCHEDULES OF CONTRACTS AND LEASES ATTACHED TO THE ORDER AS SCHEDULE 1 AND SCHEDULE 2**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (this "Motion"):[2]

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Benefytt Technologies, Inc. (2634); American Service Insurance Agency LLC (9115); Benefytt Reinsurance Solutions, LLC (4601); BimSym-HPIH, LLC (4626); Dawn Acquisition Company, LLC (0909); Daylight Beta Intermediate Corp. (7248); Daylight Beta Intermediate II Corp. (8842); Daylight Beta Parent Corp. (6788); Health Insurance Innovations Holdings, Inc. (1994); Health Plan Intermediaries Holdings, LLC (0972); Healthinsurance.com, LLC (9525); HealthPocket, Inc. (3710); Insurance Center for Excellence, LLC (4618); RxHelpline, LLC (9940); Sunrise Health Plans, LLC (3872); TogetherHealth Insurance, LLC (9503); TogetherHealth PAP, LLC (8439); and Total Insurance Brokers, LLC (7975). The location of the Debtors' service address is:  3450 Buschwood Park Drive, Suite 200, Tampa, Florida 33618.

[2]  A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Michael DeVries, Chief Financial Officer of Benefytt Technologies, Inc. in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith on May 23, 2023 (the "Petition

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), authorizing, effective as of the Petition Date, (a) the rejection of certain (i) executory contracts, including any amendments or modifications thereto, as set forth on Schedule 1 to the Order (each, a "Contract" and, collectively, the "Contracts") and (ii) unexpired nonresidential real property leases, including any amendments, modifications, or subleases thereto, as set forth on Schedule 2 to the Order (each, a "Lease" and, collectively, the "Leases"), (b) the abandonment of certain equipment, fixtures, furniture, or other personal property (the "Personal Property") that may be located at the premises of each property subject to a rejected Lease (the "Premises"), and (c) granting related relief.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

---

Date"). Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

**Background**

5.     The Debtors are a technology-driven distributor of insurance products covering Medicare-related insurance plans as well as other types of health insurance and supplemental products that operate in 44 states including Texas, New York, California, and Florida. Headquartered in Tampa, Florida and employing approximately 855 people, the Debtors develop and operate Medicare and private health insurance online marketplaces, insurance agent technology systems, and insurance policy administration platforms, as well as conduct marketing and lead generation for insurance providers.  The Debtors provide self-guided online tools for individuals to compare Medicare, private, and supplemental health insurance products; an extensive network of licensed insurance agents empowered by a technology platform to facilitate enrollments; and other insurance technology allowing agents and brokers to service their customers and manage their business seamlessly.

6.     On the Petition Date, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated as of the date hereof.

**Contracts and Leases to Be Rejected**

7.     As a part of their efforts leading up to these chapter 11 cases, the Debtors have examined their operational footprint and evaluated the necessity and cost-efficiency of their executory contracts and unexpired leases.  As part of this process, the Debtors, along with their

advisors, have undertaken extensive review of their executory contracts and unexpired leases, including the ongoing costs and the effect on their business of rejecting such executory contracts and unexpired leases. Accordingly, the Debtors have determined that the Contracts and Leases set forth on Schedule 1 and Schedule 2 to the Order, respectively, are unnecessary and burdensome to the Debtors' estates and should be rejected as soon as possible. Therefore, by this Motion, and in order to maximize the value of their estates, the Debtors seek to reject the Contracts and Leases.

8. The Debtors have determined in their business judgment that the administrative costs that would be incurred under the Contracts and Leases constitute an unnecessary drain on the Debtors' already-limited resources and the rejection of such Contracts and Leases would be in the best interests of the Debtors and their estates. In considering their options prior to the Petition Date, the Debtors, with the assistance of their advisors, evaluated the necessity and cost-efficiency of the Contracts and Leases. The Debtors determined that the transactional costs and postpetition carrying costs associated with marketing the Contracts and Leases exceed any potential benefit that may be realized from potential assignments or subleases. Accordingly, in an effort to reduce postpetition administrative costs and in the exercise of the Debtors' business judgment, the Debtors believe that the rejection of the Contracts and Leases, as set forth on Schedule 1 and Schedule 2 to the Order, as applicable, effective as of the Petition Date, is in the best interests of the Debtors, their estates, and all parties in interest.

**Personal Property to Be Abandoned**

11. To the extent that any Personal Property remains at the Premises as of the effective date of the rejection (the "Rejection Date"), the Debtors have evaluated such Personal Property and have determined either that (a) the Personal Property is of inconsequential value or (b) the cost of removing and storing the Personal Property for future use, marketing, or sale exceeds its value

to the Debtors' estates. Because the Debtors have ceased or will cease operations at the Premises prior to or as of the Rejection Date, any Personal Property will no longer be necessary for the administration of the Debtors' estates.

12. To reduce postpetition administrative costs and, in the exercise of the Debtors' sound business judgment, the Debtors believe that the abandonment of the Personal Property that may be located at each of the Premises, if any, is appropriate and in the best interests of the Debtors, their estates, and their creditors.

13. In light of the Debtors' efforts to preserve and maximize the value of their estates, which will inure to the benefit of all creditors, and to avoid incurring costs and expenses that are no longer integral to the Debtors' business operations and their chapter 11 efforts, the relief requested herein is necessary and appropriate.

**Basis for Relief**

I. **The Rejection of the Contracts and Leases Effective as of the Petition Date Is Appropriate and Provides the Debtors with Significant Cost Savings.**

14. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

15. A debtor's rejection of an executory contract or unexpired lease is governed by the "business judgment" standard. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'") (quoting *Grp. of Institutional Inv'rs v. Chi., M., St. P. & P. R.*

5

*Co.*, 318 U.S. 523, 550 (1943)). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of "bad faith, whim, or caprice." *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (quoting *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849–50 (Bankr. W.D. Pa. 1987)).

16. Rejection of an executory contract or unexpired lease is appropriate where such rejection would benefit the estate. *See In re Pisces Energy, LLC*, No. 09-36591-H5-11, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment."). Upon finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a) of the Bankruptcy Code. *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

17. The Debtors, in the exercise of their sound business judgment, have determined that the Contracts and Leases are neither compatible with the Debtors' ongoing business needs nor a source of potential value for the Debtors' estates. Absent rejection, the Contracts and Leases impose ongoing obligations on the Debtors and their estates that constitute an unnecessary drain on the Debtors' resources. Further, the Debtors have determined that certain of the Contracts and Leases do not have any realizable value given the Debtors' plan to market and sell their remaining assets, following which the Debtors will cease operations. Rejecting the Contracts and Leases will help increase the Debtors' liquidity and otherwise facilitate efficient administration of the Debtors'

estates. Accordingly, to avoid incurring additional unnecessary expenses associated with the Contracts and Leases, the Debtors seek to reject the Contracts and Leases effective as of the Petition Date.

## II.   This Court Should Deem the Contracts and Leases Rejected Effective as of the Petition Date.

18.   Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively.  *See, e.g.*, *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection).

19.   The balance of the equities favors the relief requested herein.  The Debtors, with the assistance of their advisors, have decided to reject the Contracts and Leases after thorough review, analyzing their costs and benefits, and determining that the Contracts and Leases are no longer beneficial to their estates.  The Debtors have sought the relief requested herein following their determination that the rejection of the Contracts and Leases was in the best interests of their estates and, in fact, have done so at the earliest possibility opportunity—at the outset of these chapter 11 cases.  Without a retroactive date of rejection, the Debtors could be forced to incur unnecessary administrative expenses and contractual obligations in connection with the Contracts and Leases that provide no real benefit to the Debtors' estates.  *See* 11 U.S.C. § 365(d)(3).

20.   Moreover, the Contract and Lease counterparties will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date.  The Debtors will promptly serve notice of this Motion on each of the Contract and Lease counterparties, each of whom will have a sufficient opportunity to respond.  Furthermore, service of this Motion is an unequivocal expression of the Debtors' intention to reject the Contracts and Leases, and the Debtors hereby certify that they will not withdraw this Motion as to any of the Contracts or Leases without the

consent of the applicable counterparty.  The Debtors have sought the relief requested at the earliest possible moment in these chapter 11 cases and do not seek to reject the Contracts or Leases effective as of the Petition Date due to any undue delay on their own part.  Based on this factual record, no party can assert that the Debtors seek to write any "revisionist history."  *See Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S. Ct. 696, 701 (2020) ("Federal courts may issue *nunc pro tunc* orders, or 'now for then' orders [] to reflect the reality of what has already occurred [but not as a] vehicle for . . . creating 'facts' that never occurred . . .") (internal citations omitted).

21. The Debtors request that the Court deem the Contracts and Leases identified on Schedule 1 and Schedule 2 to the Order, as applicable, are rejected effective as of the Petition Date.

### III. The Personal Property Is De Minimis in Value and/or Burdensome to Remove From the Premises; and Abandonment Will Not Prejudice the Lessors.

22. The Debtors have satisfied the standard set forth in section 554(a) of the Bankruptcy Code, granting them authority to abandon the Personal Property. Section 554(a) provides that a debtor in possession may abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). A bankruptcy court may authorize property to be abandoned when the property is either (a) burdensome to the estate or (b) of inconsequential value and benefit to the estate. *See, e.g.*, *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 499–500 (1986).

23. The Debtors anticipate that Personal Property could remain on the Premises at certain properties where removal would not be feasible and/or would provide nominal or no value to the Debtors or their estates. Therefore, this Court should find that authority to abandon the Personal Property in accordance with section 554(a) of the Bankruptcy Code is warranted.

24. The Debtors request that the abandonment of the Personal Property be effective as of the Petition Date, which is also the proposed effective date of rejection of the Leases.

25. In light of the foregoing facts and circumstances, rejection of the Leases under section 365(a) of the Bankruptcy Code is a sound exercise of the Debtors' business judgment and is necessary, prudent, and in the best interests of the Debtors, their estates, and their creditors. The balance of equities supports granting rejection of the Leases effective retroactive to the Rejection Date. Finally, the Debtors' abandonment of certain Personal Property may and should be authorized because it represents inconsequential value to the Debtors' estates.

## IV. Requirements of Bankruptcy Rule 6006(f)

26. Under Bankruptcy Rule 6006(e), a debtor may join requests for authority to reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(f). *See* FED. R. BANKR. P. 6006(e). Motions to assume or reject multiple executory contracts or unexpired leases must satisfy six requirements. *See* FED. R. BANKR. P. 6006(f). These requirements are procedural in nature. A motion to reject multiple executory contracts or unexpired leases that are not between the same parties shall:

   a. State in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

   b. list parties alphabetically and identify the corresponding contract or lease;

   c. specify the terms, including the curing of defaults, for each requested assumption or assignment;

   d. specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

   e. be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

    f.  be limited to no more than 100 executory contracts or unexpired leases.[3]

The clear purpose of Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of counterparties to unexpired leases and executory contracts.  This Motion, together with <u>Schedule 1</u> and <u>Schedule 2</u> to the Order, satisfies the procedural requirements of Bankruptcy Rule 6006(f). The omnibus rejection of the Contracts and Leases should be approved.

### Reservation of Rights

  27.  Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) other than as set forth herein and on <u>Schedule 1</u> and <u>Schedule 2</u> attached to the Order, a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the

---

[3] Fed. R. Bankr. P. 6006(f).

Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

### Notice

28.     The Debtors have provided notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Consenting Term Lenders; (d) counsel to the Consenting Revolving Lenders; (e) counsel to the DIP Lender; (f) counsel to the agents under the Debtors' postpetition credit facilities and DIP credit facility; (g) the state attorneys general for each of the states in which the Debtors operate; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k)  other governmental agencies having a regulatory or statutory interest in these cases; (l) the counterparties to each of the Contracts and Leases; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d).  In light of the nature of the relief requested, no other or further notice is required.

The Debtors request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
Dated:  May 23, 2023

/s/  *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Patrick J. Nash, P.C. (*pro hac vice* pending) |
| J. Machir Stull (TX Bar No. 24070697) | John R. Luze (*pro hac vice* pending) |
| Victoria N. Argeroplos (TX Bar No. 24105799) | Jeffrey T. Michalik (*pro hac vice* pending) |
| 1401 McKinney Street, Suite 1900 | Yusuf Salloum (*pro hac vice* pending) |
| Houston, TX 77010 | 300 North LaSalle Street |
| Telephone: (713) 752-4200 | Chicago, Illinois 60654 |
| Facsimile: (713) 752-4221 | Telephone:    (312) 862-2000 |
| Email:mcavenaugh@jw.com | Facsimile:    (312) 862-2200 |
|         jwertz@jw.com | Email:         patrick.nash@kirkland.com |
|         mstull@jw.com |                    john.luze@kirkland.com |
|         vargeroplos@jw.com |                    jeff.michalik@kirkland.com |
| |                    yusuf.salloum@kirkland.com |
| *Proposed Co-Counsel to the Debtors* | *Proposed Co-Counsel to the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |

**Certificate of Service**

      I certify that on May 23, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                      */s/ Matthew D. Cavenaugh*
                                                      Matthew D. Cavenaugh