IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| BENEFYTT TECHNOLOGIES, INC., *et al.*,[1] | ) ) ) | Case No. 23-90566 (CML) |
| Debtors. | ) ) | (Joint Administration Requested) **Re: Docket No.** \_\_\_\_\_ |

ORDER (I) AUTHORIZING, EFFECTIVE AS OF THE
PETITION DATE, (A) THE REJECTION OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (B) ABANDONMENT
OF CERTAIN PERSONAL PROPERTY, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing, effective as of the Petition Date, (a) the rejection of certain (i) executory contracts, including any amendments or modifications thereto, as set forth on **Schedule 1**, attached hereto (each, a "Contract" and, collectively, the "Contracts") and (ii) unexpired nonresidential real property leases, including any amendments, modifications, or subleases thereto, as set forth on **Schedule 2**, attached hereto (each, a "Lease" and, collectively, the "Leases") and (b) the abandonment of certain equipment, fixtures, furniture, or other personal property (the "Personal Property") that may be located at the premises of each property subject to a rejected Lease, (the "Premises"), and (c) granting related

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Benefytt Technologies, Inc. (2634); American Service Insurance Agency LLC (9115); Benefytt Reinsurance Solutions, LLC (4601); BimSym-HPIH, LLC (4626); Dawn Acquisition Company, LLC (0909); Daylight Beta Intermediate Corp. (7248); Daylight Beta Intermediate II Corp. (8842); Daylight Beta Parent Corp. (6788); Health Insurance Innovations Holdings, Inc. (1994); Health Plan Intermediaries Holdings, LLC (0972); Healthinsurance.com, LLC (9525); HealthPocket, Inc. (3710); Insurance Center for Excellence, LLC (4618); RxHelpline, LLC (9940); Sunrise Health Plans, LLC (3872); TogetherHealth Insurance, LLC (9503); TogetherHealth PAP, LLC (8439); and Total Insurance Brokers, LLC (7975).  The location of the Debtors' service address is:  3450 Buschwood Park Drive, Suite 200, Tampa, Florida 33618.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. In accordance with section 365 of the Bankruptcy Code, each Contract and Lease listed on **Schedule 1** or **Schedule 2**, respectively, is rejected under section 365 of the Bankruptcy Code, and each such rejection is deemed to be effective as of the Petition Date.

2. The Debtors are authorized to abandon any Personal Property that may be located on each of the Premises free and clear of all liens, claims, encumbrances, interests and rights of the Debtors, and all such property is deemed abandoned effective as of the Petition Date. The applicable counterparty to each Lease is authorized to dispose of the abandoned Personal Property without notice or liability to any party.

3. The counterparty to each Contract or Lease must file a proof of claim on account of any claims relating to such rejection, if at all, on or before the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases and (b) thirty (30) days after the entry of this order, or else be forever barred.

4. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) other than set forth herein and on **Schedule 1** and **Schedule 2** attached hereto, a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

5. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

3

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023

                                              UNITED STATES BANKRUPTCY JUDGE

**Schedule 1**

**Rejected Contracts**

| No. | Counterparty | Debtor | Description | Rejection Date |
|---|---|---|---|---|
| 1 | Assurance IQ | Health Plan Intermediaries Holdings, LLC | Master Services Agreement, dated as of January 1, 2022 | May 23, 2023 |
| 2 | ProMedia Inc. | Benefytt Technologies, Inc. | Agency Services Agreement, dated as of January 1, 2020 | May 23, 2023 |

**Schedule 2**

**Rejected Leases**[1]

---

[1] For the avoidance of doubt, the Leases referenced herein include any guaranties thereof and any amendments, modifications, or subleases thereto.

| No. | Counterparty | Debtor | Description | Location Address | Rejection Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|
| 1 | 2100 West Cypress Creek Road Associates LLC | Benefytt Technologies, Inc. | Commercial Lease Agreement, dated as of March 16, 2021 | 2100 West Cypress Creek Road, Fort Lauderdale FL 33309 | May 23, 2023 | n/a |
| 2 | Highwoods Realty Limited Partnership | Health Insurance Innovations, Inc. n/k/a Benefytt Technologies, Inc. | Office Lease Agreement, dated as of October 23, 2019 | 3109 W Dr MLK Jr Blvd Ste 400 Tampa FL 33607 | May 23, 2023 | n/a |