## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BENEFYTT TECHNOLOGIES, INC., *et al.*,[1] | ) | Case No. 23-90566 (CML) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

### DEBTORS' MOTION FOR ENTRY OF AN
### ORDER AUTHORIZING AND APPROVING PROCEDURES
### TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (this "Motion"):[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Benefytt Technologies, Inc. (2634); American Service Insurance Agency LLC (9115); Benefytt Reinsurance Solutions, LLC (4601); BimSym-HPIH, LLC (4626); Dawn Acquisition Company, LLC (0909); Daylight Beta Intermediate Corp. (7248); Daylight Beta Intermediate II Corp. (8842); Daylight Beta Parent Corp. (6788); Health Insurance Innovations Holdings, Inc. (1994); Health Plan Intermediaries Holdings, LLC (0972); Healthinsurance.com, LLC (9525); HealthPocket, Inc. (3710); Insurance Center for Excellence, LLC (4618); RxHelpline, LLC (9940); Sunrise Health Plans, LLC (3872); TogetherHealth Insurance, LLC (9503); TogetherHealth PAP, LLC (8439); and Total Insurance Brokers, LLC (7975). The location of the Debtors' service address is: 3450 Buschwood Park Drive, Suite 200, Tampa, Florida 33618.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Michael DeVries, Chief Financial Officer of Benefytt Technologies, Inc. in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith on May 23, 2023 (the "Petition Date"). Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the attached form (the "Order"),
authorizing and approving procedures (as described herein, the "Rejection Procedures") by which
the Debtors may reject certain of their prepetition executory contracts (the "Contracts") and
prepetition unexpired leases of nonresidential real property (collectively, the "Leases").   The
Debtors do **_not_** seek relief related to procedures for the assumption or assumption and assignment
of Contracts or Leases.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Southern District of Texas
(the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core
proceeding pursuant to 28 U.S.C. § 157 (b).  The Debtors confirm their consent to the entry of a
final order by the Court in connection with this Motion.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 363(f), and 365(a) of
title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rule 6006 of
the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1(b) of the
Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

5.      The Debtors are a technology-driven distributor of insurance products covering
Medicare-related insurance plans as well as other types of health insurance and supplemental
products that operate in 44 states including Texas, New York, California, and Florida.
Headquartered in Tampa, Florida and employing approximately 855 people, the Debtors develop
and operate Medicare and private health insurance online marketplaces, insurance agent
technology systems, and insurance policy administration platforms, as well as conduct marketing

and lead generation for insurance providers.  The Debtors provide self-guided online tools for individuals to compare Medicare, private, and supplemental health insurance products; an extensive network of licensed insurance agents empowered by a technology platform to facilitate enrollments; and other insurance technology allowing agents and brokers to service their customers and manage their business seamlessly.

6.      On the Petition Date, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated as of the date hereof.

**The Debtors' Executory Contracts and Unexpired Leases.**

7.      The Debtors are party to thousands of Contracts and Leases, which include agreements with vendors for the supply of certain goods and services and leases for certain real and personal property.  The Debtors have begun the process of evaluating all of their Contracts and Leases to determine whether such Contracts and Leases should be rejected ahead of confirmation of a chapter 11 plan.  Absent the relief requested in this Motion, the Debtors would be required to file separate motions to reject individual Contracts and Leases, resulting in substantial costs to, and administrative burdens on, the Debtors' estates—not to mention the additional burden such an approach would place on the Court's docket.  The Debtors intend the Rejection Procedures to minimize the costs and administrative burden on the Debtors' estates and foster judicial economy.

### **The Proposed Rejection Procedures.**

8.      The Debtors seek entry of the Order authorizing and approving the following

procedures with respect to rejection of Contracts and Leases (the "Rejection Procedures"):

a.      ***Rejection Notice***.  The Debtors, upon not less than three (3) business days' (or as soon as reasonably practicable) advance notice (email sufficient) to (i) counsel to any statutory committee appointed in these chapter 11 cases (the "Committee"); (ii) counsel to the Consenting Term Lenders, Akin Gump Strauss Hauer & Feld LLP; and (iii) counsel to the DIP Lender, Paul, Weiss, Rifkind, Wharton & Garrison LLP, will file one or more notices with the Court (each, a "Rejection Notice") with an attached schedule (the "Rejection Schedule") of those Contracts and/or Leases that the Debtors seek to reject pursuant to section 365 of the Bankruptcy Code.  The Rejection Schedule shall set forth, among other relevant information: (i) the Contracts and/or Leases to be rejected; (ii) the Debtor that is the party to such Contract and/or Lease; (iii) the names and addresses of the counterparties to such Contracts and/or Leases (the "Rejection Counterparties"); (iv) the effective date of rejection for such Contracts and/or Leases, which shall be the later of (A) the proposed effective date of the rejection for such Contract and/or Lease, or (B) if applicable, the date upon which the Debtors in writing (email sufficient) surrender the premises to the landlord and return the keys, key codes, or security codes, as applicable (the "Rejection Date"); (v) if a Lease, a general description of the nature of the personal property to be abandoned on the premises thereof, if any; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).

b.      ***Rejection Notice Parties***.  The Debtors will cause the Rejection Notice and Rejection Schedule to be served by electronic mail upon:  (i) the Rejection Counterparties; (ii) the United States Trustee for the Southern District of Texas (the "U.S. Trustee"); (iii) counsel to any Committee; and (iv) counsel to the Consenting Term Lenders (collectively, the "Rejection Notice Parties").

c.      ***Individual Rejection Notice***. The Debtors will also cause an individualized Rejection Notice, substantially in the form attached hereto as **Exhibit A** (the "Individual Rejection Notice"), to be served by overnight delivery and, where known, electronic mail, upon each affected Rejection Counterparty and their counsel, where known, at the notice address specified in the applicable Contract and/or Lease and, where known, upon any third parties that may, to the best of the Debtors' knowledge, have a known interest in the Debtors' personal property located on the Debtors' leased premises. The Individual Rejection Notice shall not be filed with the Court; *provided* that the Debtors shall file an affidavit of service with the Court evidencing service of the Individual Rejection Notice upon the affected Rejection Counterparty within five (5) business days after serving such Individual

Rejection Notice.  The Individual Rejection Notice will include the information set forth in the Rejection Schedule (as described above).

d.  **_Objections to Proposed Rejection_**.  Any objections to a proposed rejection of a Contract and/or Lease must be (i) in writing, (ii) filed with the Court, and (iii) served by **_electronic mail_** on the following parties so as to be **_actually received_** by such parties no later than fourteen (14) days after the date that the Debtors served the Individual Rejection Notice to reject such Contract and/or Lease (the "Rejection Objection Deadline"):

i.  **Counsel to the Debtors**:  Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn:  John R. Luze (john.luze@kirkland.com), Jeffrey T. Michalik (jeff.michalik@kirkland.com), Yusuf Salloum (yusuf.salloum@kirkland.com), and Chris Ceresa (chris.ceresa@kirkland.com);

ii.  **Co-counsel to the Debtors**:  Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, Texas 77010, Attn:  Matthew D. Cavenaugh (mcavenaugh@jw.com), Jennifer F. Wertz (jwertz@jw.com), J. Machir Stull (mstull@jw.com), and Victoria N. Argeroplos (vargeroplos@jw.com);

iii.  **The U.S. Trustee**:  United States Trustee, Attn.:  Hector Duran (hector.duran.jr@usdoj.gov), Alicia Barcomb (alicia.barcomb@usdoj.gov), and C. Ross Travis (c.ross.travis@usdoj.gov);

iv.  **Counsel to the DIP Lender**:  Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn.:  Joseph M. Graham (jgraham@paulweiss.com) and Leslie E. Liberman (lliberman@paulweiss.com);

v.  **Counsel to the Consenting Term Lenders**:  Akin Gump Strauss Hauer & Feld LLP, 2001 K Street N.W., Washington, DC 20006, Attn.:  Scott Alberino (salberino@akingump.com), and Benjamin Taylor (taylorb@akingump.com); and

vi.  **Counsel to the Committee**, if any.

e.  **_No Objection_**.  If no objection to the rejection of any Contract or Lease is timely filed, each Contract or lease listed in the applicable Rejection Notice shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the counterparty or counterparties to such Contract(s) and/or Lease(s) agree; _provided_ that the effective date of a rejection of a Lease shall not occur until the later of the date the Debtors (i) file and serve a Rejection Notice for the Lease and (ii) relinquish control of the premises by notifying the affected landlord in writing of the Debtors'

5

surrender of the premises and turn over keys, key codes, and securities codes, if any, to the affected landlord.

f.   ***Hearings (If Necessary)***.  If an objection is properly filed and served on the Debtors' counsel and the Rejection Notice Parties as specified above, unless such parties agree otherwise in writing (or consensually resolve such objection without an order of the Court), a hearing will be scheduled on not less than ten (10) days' notice of such hearing to each objecting party, the counterparty or counterparties to such Contract or Lease, and the Rejection Notice Parties.  Such Contract and/or Lease will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached, upon further order of the Court.

g.   ***Modifications to Rejection Schedule***.  The Debtors reserve the right, after consultation with counsel to any Committee, the DIP Lender, and the Consenting Term Lenders, to remove any Contract and/or Lease from a Rejection Schedule or Amended Rejection Schedule at any time prior to the Rejection Date.

h.   ***Set Off and Recoupment***.  If the Debtors have deposited monies with a counterparty as a security deposit or other arrangement, such counterparty may not set off or recoup or otherwise use such deposit without (i) the prior approval of the Court or (ii) agreement of the Debtors after consultation with counsel to any Committee, the Consenting Term Lenders, and the DIP Lender.

i.   ***Removal of Personal Property***.  In connection with the rejection of a Lease, with respect to any personal property of the Debtors located at any of the premises subject to any Rejection Notice, the Debtors shall remove such property prior to the Rejection Date.  If the Debtors determine that the property at a particular location has no or *de minimis* value or the cost of removing the property exceeds the value of such property, the Debtors shall generally describe the property in the Individual Rejection Notice and their intent to abandon such property.  Absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  Upon abandonment, the landlord may dispose of such property without further notice or Court order and free of liability for such action.

9.   The Debtors further request that counterparties to Contracts and Leases that are rejected pursuant to the Rejection Procedures be required to file a proof of claim relating to the rejection of such Contracts and Leases, if any, by the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, and (ii) thirty (30) days after the Rejection Date.

6

**Basis for Relief**

**I.    The Rejection Procedures Are in the Best Interests of the Debtors' Estates.**

10.    The Debtors may reject a substantial number of Contracts and Leases.  Establishing the Rejection Procedures will streamline the administration of these chapter 11 cases and enhance the efficiency of the restructuring process by eliminating substantial legal expenses that would otherwise be incurred if multiple hearings were held on separate motions with respect to each Contract and Lease the Debtors would seek to reject.  The Rejection Procedures are reasonable and fair to Rejection Counterparties because they afford parties in interest the opportunity to be heard with respect to the rejection of Contracts and Leases (and the abandonment of property related thereto).

**II.    Rejection of the Contracts and Leases Is an Exercise of the Debtors' Business Judgement.[3]**

11.    Section 365(a) of the Bankruptcy Code provides that a debtor in possession may reject any executory contract or unexpired lease of the debtor" subject to the court's approval.[4] Courts generally authorize debtors reject executory contracts and unexpired leases where the debtors appropriately exercise their "business judgment."[5]

12.    The Debtors have determined, in their sound business judgment, that the rejection of Contracts and/or Leases in accordance with the Rejection Procedures proposed herein is and will be in the best interest of the Debtors' estates.  The information provided on the Rejection Notices, Rejection Schedules, and Individual Rejection Notices will provide the Court and

---

[3]    The Debtors are <u>not</u> seeking relief in the form of procedures related to the assumption or assumption and assignment of Contracts or Leases.

[4]    11 U.S.C. § 365(a).

[5]    *See, e.g.*, *In re TransAmerican Nat'l Gas Corp.*, 79 B.R. 663, 667 (Bankr. S.D. Tex. 1987).

interested parties with sufficient information to establish that the Debtors are entitled to make such a rejection in their sound business judgment.

### III.   Retroactively Effective Relief May Be Sought Where Appropriate.

13.    The Rejection Procedures provide the Debtors the ability to set an effective Rejection Date earlier than the date the Court enters the respective Rejection Order.  Section 365 of the Bankruptcy Code does not specifically address whether courts may order rejection to be effective retroactively.  However, courts have held that bankruptcy courts may retroactively reject executory contracts and unexpired leases based on a "balancing of the equities" standard.[6]

14.    Approval of the retroactive relief contemplated in the Rejection Procedures is warranted based on a balancing of the equities.  The Debtors will only seek such relief in instances where they have vacated the premises and/or ceased receiving any benefit under the terms of the Contract or Lease prior to the earlier of the date of service of the Individual Rejection Notice or the date the Debtors gave the Rejection Counterparty notice of the Debtors' intent to terminate and/or reject the Contract or Lease.  Additionally, the Individual Rejection Notice will provide a Rejection Counterparty with adequate notice of any retroactive relief sought by the Debtors.

### IV.   Abandonment of Personal Property Is in the Best Interests of the Debtors' Estates.

15.    Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of

---

[6]    *See, e.g.*, *In re Linn Energy, LLC*, No. 16-60040 (DRJ) (Bankr. S.D. Tex. Nov. 7, 2016) (approving procedures to reject or assume executory contracts and unexpired leases); *In re Sherwin Alumina Co., LLC*, No. 16-20012 (DRJ) (Bankr. S.D. Tex. Aug. 24, 2016) (same); *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of Debtors' intent to reject prior to the filing of the Motions"); *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (granting retroactive relief based on the circumstances of the case); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection); *see also In re Joseph C. Spiess Co.*, 145 B.R. 597, 606 (Bankr. N.D. Ill. 1992) ("[A] trustee's rejection of a lease should be retroactive to the date that the trustee takes affirmative steps to reject said lease.").

inconsequential value and benefit to the estate."[7]  The property to be abandoned at the premises of certain Leases would be of inconsequential value or burdensome to the Debtors' estates, and the cost of retrieving, marketing, and reselling such abandoned property would outweigh any recovery the Debtors could attain for the property.  The abandonment of such property is in the best interests of the Debtors, their estates, and their creditors and parties in interest will have sufficient notice of such abandonment.

## V.     The Rejection Procedures Satisfy Due Process.

16.     As a procedural matter, "[a] proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014."[8]  Bankruptcy Rule 9014 provides that: "In a contested matter . . .  not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."[9]  The notice and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given *in light of the particular circumstances*.[10]

17.     Under Bankruptcy Rule 6006(e), a debtor may join requests for authority to reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(f).[11]  Bankruptcy Rule 6006(f) sets forth six requirements that motions to assume or reject multiple executory contracts or unexpired leases must satisfy.  These requirements

---

[7]     11 U.S.C. § 554(a).

[8]     Fed. R. Bankr. P. 6006(a).

[9]     Fed. R. Bankr. P. 9014(a).

[10]    *See* 11 U.S.C. § 102(1)(A) (emphasis added) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as is appropriate in the particular circumstances").

[11]    *See* Fed. R. Bankr. P. 6006(e).

are procedural in nature.  A motion to reject multiple executory contracts or unexpired leases that are not between the same parties shall:

    a.      state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    b.      list parties alphabetically and identify the corresponding contract or lease;

    c.      specify the terms, including the curing of defaults, for each requested assumption or assignment;

    d.      specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

    e.      be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

    f.      be limited to no more than 100 executory contracts or unexpired leases.[12]

18.    The clear purpose of Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of counterparties to the Contracts and Leases.  Counterparties must be able to locate their Contracts and/or Leases and readily determine whether their Contracts and/or Leases are being rejected.

19.    The Rejection Procedures satisfy the relevant portions of Bankruptcy Rule 6006(f), including the 100-contract/lease limit set forth in subsection (6).  Although the Rejection Schedule allows for the listing of Contracts and/or Leases in excess of the 100-contract/lease limit, each Contract and/or Lease counterparty will receive an Individual Rejection Notice limited to those Contracts and/or Leases to which such counterparty is a party, preserving the counterparty's due process rights.  Further, given the substantial number of Contracts and Leases the Debtors will be seeking to reject, obtaining Court approval of each rejection would impose unnecessary

---

[12]   Fed. R. Bankr. P. 6006(f).

administrative burdens on the Debtors and the Court, and result in costs to the Debtors' estates that may decrease the economic benefits of rejection.

20.     In accordance with Bankruptcy Rule 6007(a), the Debtors will provide the U.S. Trustee, counsel to any statutory committee appointed in these chapter 11 cases, and other parties in interest with the requisite notice and an opportunity to object to any proposed abandonment of property.

21.     The Rejection Procedures afford Rejection Counterparties and all other parties in interest their due process rights by providing notice and the opportunity to be heard.  Moreover, court oversight is maintained in the event of an objection.  The Rejection Procedures should be approved, and the Debtors should be authorized to reject the Contracts and/or Leases consistent with terms of such procedures.

<u>**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**</u>

22.     The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

<u>**Reservation of Rights**</u>

23.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement,

contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## Notice

24.     The Debtors have provided notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Consenting Term Lenders; (d) counsel to the Consenting Revolving Lenders; (e) counsel to the DIP Lender; (f) counsel to the agents under the Debtors' postpetition credit facilities and DIP credit facility; (g) the state attorneys general for each of the states in which the Debtors operate; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k)  other governmental agencies having a regulatory or statutory interest in these cases;  and  (l) any  party  that  has  requested  notice  pursuant  to  Bankruptcy  Rule  2002  and Bankruptcy Local Rule 9013-1(d).  In light of the nature of the relief requested, no other or further notice is required.

The Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
Dated:   May 23, 2023

/s/   *Matthew D. Cavenaugh*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
J. Machir Stull (TX Bar No. 24070697)
Victoria N. Argeroplos (TX Bar No. 24105799)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:      (713) 752-4200
Facsimile:      (713) 752-4221
Email:          mcavenaugh@jw.com
                jwertz@jw.com
                mstull@jw.com
                vargeroplos@jw.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Patrick J. Nash, P.C. (*pro hac vice* pending)
John R. Luze (*pro hac vice* pending)
Jeffrey T. Michalik (*pro hac vice* pending)
Yusuf Salloum (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                john.luze@kirkland.com
                jeff.michalik@kirkland.com
                yusuf.salloum@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*