**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BENEFYTT TECHNOLOGIES, INC., *et al.*,[1] | ) | Case No. 23-90566 (CML) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | **Re: Docket No.** _____ |

**ORDER AUTHORIZING AND APPROVING
PROCEDURES FOR THE DEBTORS TO REJECT
EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing and approving the Rejection Procedures,[3] all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Benefytt Technologies, Inc. (2634); American Service Insurance Agency LLC (9115); Benefytt Reinsurance Solutions, LLC (4601); BimSym-HPIH, LLC (4626); Dawn Acquisition Company, LLC (0909); Daylight Beta Intermediate Corp. (7248); Daylight Beta Intermediate II Corp. (8842); Daylight Beta Parent Corp. (6788); Health Insurance Innovations Holdings, Inc. (1994); Health Plan Intermediaries Holdings, LLC (0972); Healthinsurance.com, LLC (9525); HealthPocket, Inc. (3710); Insurance Center for Excellence, LLC (4618); RxHelpline, LLC (9940); Sunrise Health Plans, LLC (3872); TogetherHealth Insurance, LLC (9503); TogetherHealth PAP, LLC (8439); and Total Insurance Brokers, LLC (7975). The location of the Debtors' service address is: 3450 Buschwood Park Drive, Suite 200, Tampa, Florida 33618.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Michael DeVries, Chief Financial Officer of Benefytt Technologies, Inc. in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith on May 23, 2023 (the "Petition Date"). Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

[3] For the avoidance of doubt, this Order does not contemplate procedures with respect to the assumption or assumption and assignment of Contracts or Leases.

this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtors are authorized to reject Contracts and/or Leases in accordance with the following Rejection Procedures:

    a. *Rejection Notice*. The Debtors, upon not less than three (3) business days' (or as soon as reasonably practicable) advance notice (email sufficient) to counsel to (i) counsel to any statutory committee appointed in these chapter 11 cases (the "Committee"); (ii) counsel to the Consenting Term Lenders, Akin Gump Strauss Hauer & Feld LLP; and (iii) counsel to the DIP Lender, Paul, Weiss, Rifkind, Wharton & Garrison LLP, will file one or more notices with the Court (each, a "Rejection Notice") with an attached schedule (the "Rejection Schedule") of those Contracts and/or Leases that the Debtors seek to reject pursuant to section 365 of the Bankruptcy Code. The Rejection Schedule shall set forth, among other relevant information: (i) the Contracts and/or Leases to be rejected; (ii) the Debtor that is the party to such Contract and/or Lease; (iii) the names and addresses of the counterparties to such Contracts and/or Leases (the "Rejection Counterparties"); (iv) the effective date of rejection for such Contracts and/or Leases, which shall be the later of (A) the proposed effective date of the rejection for such Contract and/or Lease, or (B) if applicable, the date upon which the Debtors in writing (email sufficient) surrender the premises to the landlord and return the keys, key codes, or security codes, as applicable (the "Rejection Date"); (v) if a Lease, a general description of the nature of the personal property to be abandoned on the premises thereof, if any; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).

b.  *Rejection Notice Parties*.  The Debtors will cause the Rejection Notice and Rejection Schedule to be served by electronic mail upon:  (i) the Rejection Counterparties; (i)  the United States Trustee for the Southern District of Texas (the "U.S. Trustee"); (iii) counsel to any Committee; and (iv) counsel to the Lenders (collectively, the "Rejection Notice Parties").

c.  *Individual Rejection Notice*. The Debtors will also cause an individualized Rejection Notice, substantially in the form attached hereto as **Exhibit A** (the "Individual Rejection Notice"), to be served by overnight delivery and, where known, electronic mail, upon each affected Rejection Counterparty, and their counsel, where known, at the notice address specified in the applicable Contract and/or Lease and, where known, upon any third parties that may, to the best of the Debtors' knowledge, have a known interest in the Debtors' personal property located on the Debtors' leased premises. The Individual Rejection Notice shall not be filed with the Court; *provided* that the Debtors shall file an affidavit of service with the Court evidencing service of the Individual Rejection Notice upon the affected Rejection Counterparty within five (5) business days after serving such Individual Rejection Notice.  The Individual Rejection Notice will include the information set forth in the Rejection Schedule (as described above).

d.  *Objections to Proposed Rejection*.  Any objections to a proposed rejection of a Contract and/or Lease must be (i) in writing, (ii) filed with the Court, and (iii) served by *electronic mail* on the following parties so as to be *actually received* by such parties no later than fourteen (14) days after the date that the Debtors served the Individual Rejection Notice to reject such Contract and/or Lease (the "Rejection Objection Deadline"):

   i.  **Counsel to the Debtors**:  Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn:  , John R. Luze (john.luze@kirkland.com), Jeffrey T. Michalik (jeff.michalik@kirkland.com), Yusuf Salloum (yusuf.salloum@kirkland.com), and Chris Ceresa (chris.ceresa@kirkland.com);

   ii.  **Co-counsel to the Debtors**:  Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, Texas 77010, Attn:  Matthew D. Cavenaugh (mcavenaugh@jw.com), Jennifer F. Wertz (jwertz@jw.com), J. Machir Stull (mstull@jw.com), and Victoria N. Argeroplos (vargeroplos@jw.com);

   iii.  **The U.S. Trustee**:  United States Trustee, Attn.:  Hector Duran (hector.duran.jr@usdoj.gov), Alicia Barcomb (alicia.barcomb@usdoj.gov), and C. Ross Travis (c.ross.travis@usdoj.gov);

3

    iv.    **Counsel to the DIP Lender**:  Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn:  Joseph M. Graham (jgraham@paulweiss.com) and Leslie E. Liberman (lliberman@paulweiss.com);

    v.    **Counsel to the Consenting Term Lenders**:  Akin Gump Strauss Hauer & Feld LLP, 2001 K Street N.W., Washington, DC 20006, Attn: Scott Alberino (salberino@akingump.com), and Benjamin Taylor (taylorb@akingump.com); and

    vi.    **Counsel to a Committee**, if any.

e.    *No Objection*.  If no objection to the rejection of any Contract or Lease is timely filed, each Contract or Lease listed in the applicable Rejection Notice shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the counterparty or counterparties to such Contract(s) and/or Lease(s) agree; *provided* that the effective date of a rejection of a Lease shall not occur until the later of the date the Debtors (i) file and serve a Rejection Notice for the Lease and (ii) relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and turn over keys, key codes, and securities codes, if any, to the affected landlord.

f.    *Hearings (If Necessary)*.  If an objection is properly filed and served on the Debtors' counsel and the Rejection Notice Parties as specified above, unless such parties agree otherwise in writing (or consensually resolve such objection without an order of the Court), a hearing will be scheduled on not less than ten (10) days' notice of such hearing to each objecting party, the counterparty or counterparties to such Contract or Lease, and the Rejection Notice Parties.  Such Contract and/or Lease will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached, upon further order of the Court.

g.    *Modifications to Rejection Schedule*.  The Debtors reserve the right, after consultation with counsel to any Committee and the Lenders, to remove any Contract and/or Lease from a Rejection Schedule or Amended Rejection Schedule at any time prior to the Rejection Date.

h.    *Set Off and Recoupment*.  If the Debtors have deposited monies with a counterparty as a security deposit or other arrangement, such counterparty may not set off or recoup or otherwise use such deposit without (i) the prior approval of the Court or (ii) agreement of the Debtors after consultation with counsel to any Committee, the Consenting Term Lenders, and the DIP Lender.

    i.  ***Removal of Personal Property***.  In connection with the rejection of a Lease, with respect to any personal property of the Debtors located at any of the premises subject to any Rejection Notice, the Debtors shall remove such property prior to the Rejection Date.  If the Debtors determine that the property at a particular location has no or *de minimis* value or the cost of removing the property exceeds the value of such property, the Debtors shall generally describe the property in the Individual Rejection Notice and their intent to abandon such property.  Absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  Upon abandonment, the landlord may dispose of such property without further notice or Court order and free of liability for such action.

  2.  The Debtors are authorized to abandon any *de minimis* or otherwise burdensome property located at the premises or locations covered by Leases, including miscellaneous fixtures, furniture, and equipment subject to rejection (the "Abandoned Property") without any liability to any landlords (with the exception of any lease rejection damages claims); *provided that* the Debtors shall (a) generally describe the Abandoned Property and their intent to abandon such Abandoned Property in the Individual Rejection Notice to the applicable landlord and/or their counsel and any party with a known interest in the Abandoned Property and (b) provide a copy of such Individual Rejection Notice to the U.S. Trustee, counsel to any statutory committee in these chapter 11 cases, and such property will only be abandoned upon entry of the relevant Rejection Order.

  3.  Claims arising out of the rejection of Contracts and Leases, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, and (ii) thirty (30) days after the Rejection Date.

  4.  Approval of the Rejection Procedures and this Order will not prevent the Debtors from seeking to reject a Contract and/or Lease by separate motion or pursuant to a chapter 11 plan.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion and the Individual Rejection Notices, as applicable.

6. All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract or Lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease, respectively.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The 14-day stay required of any assignment of any Contract or Lease pursuant to Bankruptcy Rule 6006(d) is hereby waived.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023

                                                UNITED STATES BANKRUPTCY JUDGE

## **Exhibit A**

**Individual Rejection Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| BENEFYTT TECHNOLOGIES, INC., *et al.*,[1] | ) Case No. 23-[_____] (___) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) **Re: Docket No.** _____ |

### INDIVIDUAL NOTICE OF REJECTION OF
### EXECUTORY CONTRACT OR UNEXPIRED LEASE

**PLEASE TAKE NOTICE** that on [_____], 2023, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order on the motion of the above-captioned debtors and debtors in possession (the "Debtors") approving procedures for the rejection of executory contracts and unexpired leases and granting related relief [Docket No. ____] (the "Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, the Debtors hereby provide this "Individual Notice of Rejection of Executory Contract or Unexpired Lease" (the "Notice") of their intent to reject the Contract(s) or Lease(s) listed in the schedule attached hereto as **Attachment I**. Pursuant to the terms of the Procedures Order, the Contract(s) or Lease(s) shall be deemed rejected effective as of the date set forth in the schedule attached hereto as **Attachment I** (the "Rejection Date").

**PLEASE TAKE FURTHER NOTICE** that, the Debtors intend to abandon the personal property remaining in or on the property that is the subject of the above-referenced Lease(s) as described in the schedule attached hereto as **Attachment I** (if any). Pursuant to the terms of the Procedures Order, upon entry of the Rejection Order (defined below), the landlord shall be entitled to dispose of such abandoned personal property without further notice or order from this Court and without liability for such disposal.

**PLEASE TAKE FURTHER NOTICE** that, if you object to the Debtors' rejection of the Contract(s) or Lease(s), or the abandonment of the above-described personal property (if any), listed in the schedule attached hereto as **Attachment I**, you must file and serve by *electronic mail*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Benefytt Technologies, Inc. (2634); American Service Insurance Agency LLC (9115); Benefytt Reinsurance Solutions, LLC (4601); BimSym-HPIH, LLC (4626); Dawn Acquisition Company, LLC (0909); Daylight Beta Intermediate Corp. (7248); Daylight Beta Intermediate II Corp. (8842); Daylight Beta Parent Corp. (6788); Health Insurance Innovations Holdings, Inc. (1994); Health Plan Intermediaries Holdings, LLC (0972); Healthinsurance.com, LLC (9525); HealthPocket, Inc. (3710); Insurance Center for Excellence, LLC (4618); RxHelpline, LLC (9940); Sunrise Health Plans, LLC (3872); TogetherHealth Insurance, LLC (9503); TogetherHealth PAP, LLC (8439); and Total Insurance Brokers, LLC (7975). The location of the Debtors' service address is: 3450 Buschwood Park Drive, Suite 200, Tampa, Florida 33618.

a written objection so that such objection is filed with the Court and ***actually received*** no later than fourteen (14) days after the date that the Debtors served this Notice by the following parties: (i) counsel to the Debtors, Kirkland & Ellis LLP, Attn.: John R. Luze (john.luze@kirkland.com), Jeffrey T. Michalik (jeff.michalik@kirkland.com), Yusuf Salloum (yusuf.salloum@kirkland.com), and Chris Ceresa (chris.ceresa@kirkland.com); (ii) co-counsel to the Debtors, Jackson Walker LLP, Attn.: Matthew D. Cavenaugh (mcavenaugh@jw.com), Jennifer F. Wertz (jwertz@jw.com), J. Machir Stull (mstull@jw.com), and Victoria N. Argeroplos (vargeroplos@jw.com); (iii) the United States Trustee (the "U.S. Trustee"), Attn.: Hector Duran (hector.duran.jr@usdoj.gov), Alicia Barcomb (alicia.barcomb@usdoj.gov), and C. Ross Travis (c.ross.travis@usdoj.gov); (iv) counsel to the DIP Lender, Paul, Weiss, Rifkind, Wharton & Garrison LLP, Attn.: Joseph M. Graham (jgraham@paulweiss.com), and Leslie E. Liberman (lliberman@paulweiss.com); (v) counsel to the Consenting Term Lenders, Akin Gump Strauss Hauer & Feld LLP, Attn.: Scott Alberino (salberino@akingump.com), and Benjamin Taylor (taylorb@akingump.com); and (vi) counsel to any Committee, if any (clauses (i) through (vi) collectively, the "Rejection Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if no objection is filed and served in accordance with the above procedures, the Debtors will include and file with the Court the above-described Contract(s) or Lease(s) in a rejection schedule attached to the proposed form of order under a certificate of no objection, substantially in the form attached hereto as **Exhibit 1** (the "Rejection Order").

**PLEASE TAKE FURTHER NOTICE** that, if an objection is properly filed and served on the Debtors and the Rejection Notice Parties, as specified above, unless such parties agree otherwise in writing (or consensually resolve such objection without an order of the Court), a hearing will be scheduled to consider that objection. The Contract(s) or Lease(s) will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order filed under certificate of counsel resolving the objection as between the objecting party and the Debtors, or upon further order of the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a landlord pursuant to a security deposit or otherwise, the landlord holding such monies may not set-off or recoup or otherwise use such monies without (i) prior approval of the Court or (ii) agreement of the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if you have a claim for any damages as a result of the Debtors' rejection of the above-referenced Contract(s) or Lease(s), or the abandonment of the below-described personal property (if any), you must submit a proof of claim by the later of (i) [●], 2023 and (ii) thirty (30) days after entry of the applicable Rejection Order. If you do not properly and timely file such proof of claim, you shall be forever barred from asserting any claims for such rejection damages.

Houston, Texas
Dated:   [●], 2023

/s/  *DRAFT*

| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
|---|---|
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | Patrick J. Nash, P.C. (*pro hac vice* pending) |
| Jennifer F. Wertz (TX Bar No. 24072822) | John R. Luze (*pro hac vice* pending) |
| J. Machir Stull (TX Bar No. 24070697) | Jeffrey T. Michalik (*pro hac vice* pending) |
| Victoria N. Argeroplos (TX Bar No. 24105799) | Yusuf Salloum (*pro hac vice* pending) |
| 1401 McKinney Street, Suite 1900 | 300 North LaSalle Street |
| Houston, TX 77010 | Chicago, Illinois 60654 |
| Telephone:   (713) 752-4200 | Telephone:   (312) 862-2000 |
| Facsimile:   (713) 752-4221 | Facsimile:   (312) 862-2200 |
| Email:   mcavenaugh@jw.com | Email:   patrick.nash@kirkland.com |
|          jwertz@jw.com |          john.luze@kirkland.com |
|          mstull@jw.com |          jeff.michalik@kirkland.com |
|          vargeroplos@jw.com |          yusuf.salloum@kirkland.com |

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**Attachment I**

**Schedule of Rejected Contracts and/or Leases**

**[TO BE CUSTOMIZED TO EACH INDIVIDUAL REJECTION NOTICE]**

**Exhibit 1**

**Proposed Rejection Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BENEFYTT TECHNOLOGIES, INC., *et al.*,[1] | ) ) ) | Case No. 23-90566 (CML) |
| Debtors. | ) ) ) | (Joint Administration Requested) **Re: Docket No. \_\_\_\_** |

**[NUMBER] ORDER APPROVING THE REJECTION
OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES AND ABANDONMENT OF CERTAIN PROPERTY**

Pursuant to the order approving procedures for the rejection of the Debtors' executory contracts and unexpired leases, and granting related relief (the "Rejection Procedures Order")[2] [Docket No.\_\_\_] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Benefytt Technologies, Inc. (2634); American Service Insurance Agency LLC (9115); Benefytt Reinsurance Solutions, LLC (4601); BimSym-HPIH, LLC (4626); Dawn Acquisition Company, LLC (0909); Daylight Beta Intermediate Corp. (7248); Daylight Beta Intermediate II Corp. (8842); Daylight Beta Parent Corp. (6788); Health Insurance Innovations Holdings, Inc. (1994); Health Plan Intermediaries Holdings, LLC (0972); Healthinsurance.com, LLC (9525); HealthPocket, Inc. (3710); Insurance Center for Excellence, LLC (4618); RxHelpline, LLC (9940); Sunrise Health Plans, LLC (3872); TogetherHealth Insurance, LLC (9503); TogetherHealth PAP, LLC (8439); and Total Insurance Brokers, LLC (7975). The location of the Debtors' service address is: 3450 Buschwood Park Drive, Suite 200, Tampa, Florida 33618.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Michael DeVries, Chief Financial Officer of Benefytt Technologies, Inc. in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith on May 23, 2023 (the "Petition Date"). Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

Debtors having properly filed and served an Individual Rejection Notice to each applicable party as set forth in the [Amended] Rejection Schedule, attached hereto as **Exhibit A**, in accordance with the terms of the Procedures Order; and no timely objections have been filed to the rejection of such Contracts and/or Leases; and due and proper notice of the Procedures Order and Individual Rejection Notice having been provided to each applicable counterparty as set forth in the Amended Rejection Schedule, and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The rejection of the Contracts and/or Leases as set forth in the [Amended] Rejection Schedule is hereby approved.

2. The Debtors are authorized to abandon any personal property remaining on the leased premises that is disclosed in the applicable Rejection Schedule and Individual Rejection Notices served upon the Rejection Counterparties, and the landlord may dispose of such abandoned property free of liability.

3. Any claims against the Debtors arising from the rejection of the Contracts and/or Leases as set forth in the [Amended] Rejection Schedule must be filed by the later of [July 10], 2023. or the date that is thirty (30) days after entry of this Order

4. The Debtors are authorized to take any action necessary to effectuate the terms of this Order and the rejection without further order from this Court.

5. The rejection of the Contracts and/or Leases as set forth in the [Amended] Rejection Schedule shall be effective as of the date set forth in the [Amended] Rejection Schedule.

3

6. This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Dated: _____, 2023

_____<br>UNITED STATES BANKRUPTCY JUDGE