## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BENEFYTT TECHNOLOGIES, INC., *et al.*,[1] | ) | Case No. 23-90566 (CML) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) | (Emergency Hearing Requested) |

### DEBTORS' <u>EMERGENCY</u> MOTION FOR
### ENTRY OF AN ORDER (I) ESTABLISHING THE CLAIMS
### BAR DATE, (II) RE-ESTABLISHING THE GOVERNMENTAL
### BAR DATE, (III) ESTABLISHING THE REJECTION DAMAGES
### BAR DATE AND THE AMENDED SCHEDULES BAR DATE, (IV) APPROVING
### THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING
### SECTION 503(b)(9) REQUESTS, AND (V) APPROVING NOTICE OF BAR DATES

> **Emergency relief has been requested. Relief is requested not later than 2:00 p.m. (prevailing Central Time) on May 23, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on May 23, 2023, at 2:00 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's homepage. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Benefytt Technologies, Inc. (2634); American Service Insurance Agency LLC (9115); Benefytt Reinsurance Solutions, LLC (4601); BimSym-HPIH, LLC (4626); Dawn Acquisition Company, LLC (0909); Daylight Beta Intermediate Corp. (7248); Daylight Beta Intermediate II Corp. (8842); Daylight Beta Parent Corp. (6788); Health Insurance Innovations Holdings, Inc. (1994); Health Plan Intermediaries Holdings, LLC (0972); Healthinsurance.com, LLC (9525); HealthPocket, Inc. (3710); Insurance Center for Excellence, LLC (4618); RxHelpline, LLC (9940); Sunrise Health Plans, LLC (3872); TogetherHealth Insurance, LLC (9503); TogetherHealth PAP, LLC (8439); and Total Insurance Brokers, LLC (7975). The location of the Debtors' service address is: 3450 Buschwood Park Drive, Suite 200, Tampa, Florida 33618.

> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Lopez's homepage.  Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (this "Motion"):[2]

## Relief Requested

1.    The Debtors seek entry of an order, substantially in the form attached hereto (the "Bar Date Order"), approving the following relief:

a.    ***Claims Bar Date***.  ***Establishing July 10, 2023, at 5:00 p.m., prevailing Central Time,*** as the last date and time for each entity[3] to file a proof of claim (a "Proof of Claim") based on a prepetition claim, including requests for payment under section 503(b)(9) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), against any Debtor (such date and time, the "Claims Bar Date");

b.    ***Governmental Bar Date***.  Solely as to governmental units (as defined in section 101(27) of the Bankruptcy Code), ***re-establishing Friday, November 20, 2023, at 5:00 p.m., prevailing Central Time,*** as the last date and time for each governmental unit to file a Proof of Claim against any Debtor (such date and time, the "Governmental Bar Date");

c.    ***Rejection Damages Bar Date***.  Solely as to claims arising from the Debtors' rejection of executory contracts and unexpired leases, ***establishing the later of (a) the Claims Bar Date or the Governmental Bar Date,*** as applicable, and ***(b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease*** as the last date and

---

2    A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Michael DeVries, Chief Financial Officer of Benefytt Technologies, Inc. in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith on May 23, 2023 (the "Petition Date").  Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

3    Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

time by which each claimant holding a claim based upon such rejection must file a Proof of Claim against any Debtor (such later date, the "Rejection Damages Bar Date");

d.     ***Amended Schedules Bar Date***.  In the event that the Debtors amend their Schedules (as defined herein), ***establishing the later of (a) the Claims Bar Date or the Governmental Bar Date***, as applicable, and ***(b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment of the Schedules***, as the last date and time by which each claimant holding a claim affected by such amendment must file a Proof of Claim against any Debtor (such later date, the "Amended Schedules Bar Date," and together with the Claims Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, the "Bar Dates");

e.     ***Proof of Claim Form***.  Approving the proposed Proof of Claim Form (as defined herein);

f.     ***Bar Date Notice***.  Approving the proposed Bar Date Notice (as defined herein); and

g.     ***Publication Notice***.  Approving the proposed form of publication notice (the "Publication Notice").

## Jurisdiction and Venue

2.     The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157 (b).  The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The bases for the relief requested herein are sections 105(a), 501, 502, and 1111(a) of the Bankruptcy Code, rules 2002(a)(7), (f), and (l), 3003(c), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3003-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

5.    The Debtors are a technology-driven distributor of insurance products covering Medicare-related insurance plans as well as other types of health insurance and supplemental products that operate in 44 states including Texas, New York, California, and Florida. Headquartered in Tampa, Florida and employing approximately 855 people, the Debtors develop and operate Medicare and private health insurance online marketplaces, insurance agent technology systems, and insurance policy administration platforms, as well as conduct marketing and lead generation for insurance providers.  The Debtors provide self-guided online tools for individuals to compare Medicare, private, and supplemental health insurance products; an extensive network of licensed insurance agents empowered by a technology platform to facilitate enrollments; and other insurance technology allowing agents and brokers to service their customers and manage their business seamlessly.

6.    On the Petition Date, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated as of the date hereof.

**The Bar Dates**

7.    Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtors that

arose prior to the Petition Date, and whose claim is not scheduled in the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), or whose claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a Proof of Claim. Section 502(b)(9) of the Bankruptcy Code further provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file Proofs of Claim.

8.    Section M of the *Procedures for Complex Cases in the Southern District of Texas* (the "Complex Rules") provides that "[u]nless a different date is ordered by the Court, the bar date for the filing of proofs of claim and proofs of interest is (i) 180 days after the petition date for governmental units; and (ii) for all other entities, 90 days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a)."   Bankruptcy Local Rule 3003-1 provides for the same deadlines.

9.    Although the Complex Rules establish a bar date by default, Bankruptcy Local Rule 3003-1, the Complex Rules, and Bankruptcy Rule 3003(c)(3) make it clear that the Court has authority to establish a different bar date for all non-governmental entities.  By this Motion, the Debtors seek to:  (a) set as the bar date to allow creditors other than governmental units until ***July 10, 2023, at 5:00 p.m., prevailing Central Time,*** to file Proofs of Claim, which is 48 days after the Petition Date; and (b) affirm ***November 20, 2023, at 5:00 p.m., prevailing Central Time,*** as the deadline for governmental units to file Proofs of Claim.  The Debtors intend to **file their Schedules by no later than June 5, 2023** (along with their Rule 2015.3 reports) and have not, at this time, sought first-day relief to extend the deadline by which they must file their Schedules. Accordingly, the Debtors anticipate that their Schedules will be on file at least 35 days before the Debtors' proposed Claims Bar Date and at least 168 days before the Governmental Bar Date.

10.     The emergency relief requested in this Motion is necessary and appropriate to maximize the value of the Debtors' assets and business operations. If the Court does not grant the relief requested by the Debtors in this Motion on an emergency basis, then the success of the chapter 11 plan could be in jeopardy, and the Debtors would suffer meaningful financial harm. The Debtors have calibrated the proposed Claims Bar Date to allow the Debtors to analyze the full universe of claims in these chapter 11 cases, consummate a chapter 11 plan based on such analysis, and emerge from these chapter 11 cases as expeditiously as possible, to the benefit of the Debtors' estates.  Despite the emergency nature of this Motion, the proposed timeline will still give all parties in interest adequate notice of the Bar Dates and an opportunity to respond.

**I.      The Claims Bar Date**.

11.     The Debtors request that the Court establish ***July 10, 2023, at 5:00 p.m., prevailing Central Time,*** as the Claims Bar Date.  The Claims Bar Date would be the last date and time by which all entities, other than governmental units holding prepetition claims, must file Proofs of Claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, so that such Proofs of Claim are ***actually received*** by the Debtors' proposed notice and claims agent, Stretto, Inc. (the "Claims and Noticing Agent") as of the Claims Bar Date, unless such entity's claim falls within one of the exceptions set forth in the Bar Date Order.  Subject to these exceptions, the Claims Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases.

**II.     The Governmental Bar Date**.

12.     Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order

for relief or such later time as the [Bankruptcy Rules] may provide." 11 U.S.C. § 502(b)(9). The Debtors, therefore, request that ***November 20, 2023, at 5:00 p.m., prevailing Central Time***, be re-established as the Governmental Bar Date in these chapter 11 cases.  The Governmental Bar Date would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party. All governmental units holding such claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claim are ***actually received*** by the Claims and Noticing Agent by the Governmental Bar Date.

### III.     The Rejection Damages Bar Date.

13.     The Debtors request that the Court establish the Rejection Damages Bar Date for filing claims arising from the Debtors' rejection of executory contracts and unexpired leases, pursuant to section 365 of the Bankruptcy Code, on the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease.

### IV.     Amended Schedules Bar Date.

14.     In the event that the Debtors amend their Schedules in accordance with Bankruptcy Rule 1009 and Bankruptcy Local Rule 1009-1, the Debtors request that the Court establish the Amended Schedules Bar Date as the last date and time by which all claimants holding claims affected by the amendment must file Proofs of Claim with respect to such claims so that such Proofs of Claim are ***actually received*** by the Claims and Noticing Agent as of the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central

Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment of the Schedules.

## Procedures for Filing Proofs of Claim

**I.      Parties Required to File Proofs of Claim.**

15.      Except as otherwise set forth herein, the Debtors respectfully request that the Court require each of the following entities holding claims against the Debtors arising prior to the Petition Date to file Proofs of Claim on or before the applicable Bar Date:

a.      any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.      any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.      any former or present full-time, part-time, salaried, or hourly employees whose claims relates to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance, to the extent grounds for such grievances arose on or prior to the Petition Date; *provided* that current employees of the Debtors are not required to file a Proof of Claim for wages, commissions, benefits, or severance if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business;

d.      any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

e.      any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

II.      **Parties Not Required to File Proofs of Claim by the Claims Bar Date**.

16.      The Debtors request that the Court exempt the following entities, to the extent required by the Bankruptcy Code, and in the capacities described below, from any requirement to file a Proof of Claim prior to the Claims Bar Date:

a.      the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.      any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

c.      any entity whose claim is listed on the Schedules if: (i) the claim is ***not*** scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

d.      any entity whose claim has previously been allowed by a final order of the Court;

e.      any Debtor having a claim against another Debtor, or any claim by a non-Debtor affiliate or subsidiary (whether direct or indirect and whether wholly-owned or not) against any of the Debtors;

f.      any entity whose claim is solely against any non-Debtor affiliates;

g.      any entity whose claim has been paid by a Debtor pursuant to a Court order;

h.      a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.      any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

j.      any entity holding a claim for which a separate deadline is fixed by the Court;

k.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

l.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including, without limitation, pursuant to an order authorizing the Debtors' proposed postpetition financing (whether on an interim or final basis) (any such order, the "<u>DIP Order</u>");

m.      any holder of a claim for any fees, expenses, or other obligations arising or payable under the DIP Order; and

n.      any entity holding an equity interest in any Debtor.

**III.    Form of Proof of Claim**.

17.      The Debtors have prepared, and request that the Court approve, a form for filing a Proof of Claim based on Official Form 410 that the Debtors have modified to allow creditors to request payment for claims under section 503(b)(9) of the Bankruptcy Code, substantially in the form attached as <u>Exhibit 1</u> to the Bar Date Order (the "<u>Proof of Claim Form</u>").  The Debtors propose to provide each of the creditors listed on the Schedules with a personalized Proof of Claim Form, which will set forth:  (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.

18.      If a creditor disagrees with information set forth on the personalized Proof of Claim Form, the creditor is required to file a Proof of Claim identifying the Debtor against which the creditor is asserting a claim and the amount and type of such claim.  Creditors may choose not to use the personalized Proof of Claim Form and instead submit Proofs of Claim on Official Form 410 as and to the extent provided in the Bar Date Order.

**IV.**     **Requirements for Preparing and Filing Proofs of Claim**.

19.     The Debtors propose that each Proof of Claim be required to be consistent with the

following:

a.     ***Contents***.  Each Proof of Claim must:  (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.     ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.     ***Electronic Signatures Permitted***.  Only ***original*** Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

d.     ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. 23-90566 (CML)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Benefytt Technologies, Inc.

e.     ***Claim Against Multiple Debtor Entities***.  Each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Benefytt Technologies, Inc.

f.     ***Supporting Documentation in Order to Have* Prima Facie *Validity***.  In order to have *prima facie* validity, each claim of a type specified in Bankruptcy Rules 3001(c) and 3001(d) must include supporting documentation.  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that (i) the Proof

11

of Claim contain current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce the supporting documentation to the Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.   ***Timely Service***.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.txsb.uscourts.gov/), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://cases.stretto.com/benefytt, or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be ***actually received*** by the Claims and Noticing Agent on or before the Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

**If by First-Class Mail, Hand Delivery, or Overnight Mail:**
Benefytt Claims Processing Center
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.   ***Receipt of Service***.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

### Consequences of Failure to File a Proof of Claim

20.   Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any person or entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and their estates (or filing a Proof of Claim with respect thereto), and the Debtors and their property and estates shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim—including with respect to

claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code.  Such creditor shall also be prohibited from voting to accept or reject any plan of reorganization filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.  Such person or entity shall not be treated as a creditor with respect to such claim for any purpose in these chapter 11 cases.

**Procedures for Providing Notice of the Bar Dates**

21.     The Debtors propose the following procedures for providing mailing and publication notice of the Bar Dates.

**I.      Mailing of Bar Date Notices**.

22.     The Debtors will cause written notice of the Bar Dates to be provided within four (4) business days after the entry of the Bar Date Order, substantially in the form attached as Exhibit 2 to the Bar Date Order (the "Bar Date Notice"), and a Proof of Claim Form (collectively, the "Bar Date Package") to be mailed via first-class mail to the following entities (or their respective counsel, if known):

a.     the U.S. Trustee;

b.     the entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis);

c.     Paul, Weiss, Rifkind, Wharton & Garrison LLP, as counsel to the DIP Lender;

d.     Akin Gump Strauss Hauer & Feld LLP, as counsel to the Debtors' Consenting Term Lenders;

e.     counsel to the Committee;

f.     all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

g.     all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of entry of the date of the Bar Date Order;

13

     h.      all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of entry of the Bar Date Order;

     i.      all known non-Debtor equity and interest holders of the Debtors as of the date entry of the Bar Date Order;

     j.      all entities who are party to executory contracts and unexpired leases with the Debtors;

     k.      all entities who are party to active litigation with the Debtors;

     l.      all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

     m.      all regulatory authorities that regulate the Debtors' businesses;

     n.      the Office of the Attorney General for the State of Texas and each of the states in which the Debtors conduct business;

     o.      the District Director of the Internal Revenue Service for the Southern District of Texas;

     p.      all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

     a.      all other entities listed on the Debtors' matrix of creditors;

     q.      the United States Securities and Exchange Commission; and

     r.      the Office of the United States Attorney for the Southern District of Texas.

23.     Further, the Debtors shall post the Proof of Claim Form and the Bar Date Notice on the Debtors' case website established by the Claims and Noticing Agent at https://cases.stretto.com/benefytt.

24.     The proposed Bar Date Notice will notify the parties of the Bar Dates and will contain information regarding who must file a Proof of Claim, the procedures for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim.  Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete.  The Debtors request the Court approve the use of the Bar Date Notice.

## II.     Supplemental Mailings.

25.     After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that:  (a) notices are returned by the post office with forwarding addresses;[4] (b) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to distribute notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants or parties in interest become known as the result of the Bar Date noticing process.  In this regard, the Debtors request that the Court permit the Debtors to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to ten (10) days in advance of the applicable Bar Date, with any such mailings deemed timely and such Bar Date being applicable to the recipient creditors.

## III.     Publication Notice.

26.     In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to known creditors, the Debtors propose to provide notice of the Bar Dates by publication.  The Debtors propose to publish the Bar Date Notice as soon as reasonably practicable after entry of the Bar Date Order and in accordance with Bankruptcy Rule 2002(l), modified for publication in substantially the form attached as <u>Exhibit 3</u> to the Bar Date Order (the "<u>Publication Notice</u>"), on one occasion in the national editions of *USA Today* and *The New York Times*, and any such other local publication that the Debtors deem appropriate and disclose in the Claims and Noticing Agent's affidavit of service.

---

4    To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors request that they not be required to mail additional notices to such creditors.

27.     The proposed Publication Notice includes a telephone number that creditors may call to obtain copies of the Proof of Claim Form, the URL for a website maintained by the Debtors' Claims and Noticing Agent at which creditors may obtain a copy of a Proof of Claim Form, information concerning the procedures and appropriate deadlines for filing Proofs of Claim, and contact information for the Debtors regarding questions about the Debtors' claims process.

### Basis for Relief

### I.     The Court Is Authorized to Approve the Bar Dates.

28.     Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."   Fed. R. Bankr. P. 3003(c)(3).  Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Bankruptcy Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).  While Bankruptcy Local Rule 3003-1 and the Complex Rules set forth default bar dates for filing proofs of claim and proofs of interest, each states that the Court may order a different date for filing proofs of claim.

29.     The claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999). The claims bar date "promote[s] the expeditious and efficient administration of bankruptcy cases[,]" thereby permitting the debtor and parties in interest to determine and evaluate the liabilities of the estate.  *In re Sam*, 894 F.2d 778, 781 (5th Cir. 1990).  With the Claims Bar Date,

the Debtors will have a clear understanding of the nature and scope of claims against the Debtors, which will allow the Debtors to reduce administrative costs and promptly exit from these chapter 11 cases. Until the Claims Bar Date has passed, the Debtors remain subject to the risk that additional unknown claims may be asserted, or that creditors whose claims have been scheduled will assert amounts materially greater than the amounts listed in the Schedules.

**II.     The Notice Procedures Are Reasonable and Appropriate and the Court Is Authorized to Approve the Procedures for Filing Proofs of Claim.**

30.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least twenty-one (21) days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impracticable or it is desirable to supplement with other notice. Bankruptcy Rule 9008 provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

31.     The procedures described herein provide creditors with appropriate notice and a clear process for filing Proofs of Claim and achieve administrative and judicial efficiency. The procedures will provide comprehensive notice and clear instructions to creditors and allow these chapter 11 cases to move forward quickly with a minimum of administrative expense and delay.

32.     The proposed use of a personalized Proof of Claim Form for all known creditors is designed to both streamline the claims process and provide useful information to creditors as to whether and how their claims are reflected in the Debtors' Schedules. The procedures are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in the event of the need for supplemental bar dates or situations in which a creditor's claim status may change during these chapter 11 cases.

33.     The Debtors propose to mail the Bar Date Notice to their known creditors and must rely on publication to give notice to its unknown creditors.  *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 306, 317 (1950) ("The statutory notice by publication is sufficient as to any beneficiaries whose interests or addresses are unknown to the trustee, since there are no other means of giving them notice which are both practicable and more effective.").

34.     Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the last date and time for filing proofs of claim.  A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts."  *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983).  But this does not require the debtor to engage in "impracticable and extended searches . . . in the name of due process."  *Mullane*, 339 U.S. at 317–18.

35.     The Debtors propose to cause a written notice of the Bar Date Package to be served via email, facsimile, or first-class mail within [five] business days after the entry of the Bar Date Order.  This will provide 40 days' notice of the Claims Bar Date, which is reasonable and consistent with notice provided in cases of similar scope and complexity.

36.     Requiring entities asserting claims pursuant to section 503(b)(9) of the Bankruptcy Code to assert such claims by filing a Proof of Claim on or prior to the Claims Bar Date will ensure that the Debtors have complete information regarding the nature, validity, and amount of such section 503(b)(9) claims, while affording parties asserting section 503(b)(9) claims appropriate and adequate notice.  This approach facilitates a more cost-effective and efficient claims process for such creditors and obviates the need for the Debtors to file a response to individual

administrative expense requests.  For this reason, courts routinely fix bar dates for filing claims under section 503(b)(9) of the Bankruptcy Code.[5]

37.     In the event that the Debtors amend their Schedules in accordance with Bankruptcy Rule 1009 and Bankruptcy Local Rule 1009-1, the Debtors shall give notice of any amendment to the holders of affected claims and such holders will have no less than thirty (30) days from the date of mailing such notice of amendment to file Proofs of Claim with respect to their claims.

38.     Holders of claims arising from the rejection of an executory contract or unexpired lease shall file claims on account of such rejection by the later of (a) the Claims Bar Date and (b) 5:00 p.m. prevailing Central Time on the date that is thirty (30) days following entry of the order approving such rejection.

39.     The relief requested herein provides for clear notice of the Claims Bar Date (and other Bar Dates as set forth herein) in satisfaction of the requirements of the Bankruptcy Rules and consistent with the policies of the Bankruptcy Code.  The Bar Dates, and the form and manner of providing notice thereof, are appropriate, inure to the benefit of all parties in interest, and should be approved.

**I.      Redaction of Certain Confidential Information.**

40.     Bankruptcy Rule 5003 requires the clerk of the Court to maintain a list of claims in a publicly available claims register.  Proofs of claim forms, as well as supporting documentation, often contain personal information such as the creditor's name and address.

---

[5]   For the avoidance of doubt, parties asserting administrative claims under all other sub-parts of section 503(b) of the Bankruptcy Code must make separate requests for payment in accordance with section 503(a) of the Bankruptcy Code or as otherwise specified by order of the Court or in any plan of reorganization confirmed in these chapter 11 cases.

41.     Section 107(c)(1) of the Bankruptcy Code provides that:

> [t]he bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A)     [a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B)     [o]ther information contained in a paper described in subparagraph (A).

42.     Cause exists for the Court to authorize employees and former employees of the Debtors and their non-Debtor affiliates to file a redacted Proof of Claim that does not disclose personally identifiable information with the Debtors' Claims and Noticing Agent; *provided* that an unredacted Proof of Claim shall be provided upon request by the Debtors.  If an employee or former employee files an unredacted Proof of Claim with the Debtors' Claims and Noticing Agent, the Debtors may take reasonable steps to redact such information on the publicly available claims register.  Such information could be used to perpetrate identity theft or unlawful injury to an individual and may result in a violation of the applicable data privacy laws governing the use of information outside of the United States.[6]

## **Emergency Consideration**

43.     The Debtors request emergency consideration of the Motion pursuant to Bankruptcy Rule 9013 to maximize creditors' notice of the deadlines to file Proofs of Claim while also setting a deadline for the Claims Bar Date that allows the Debtors to not only meet the milestones required to maintain their debtor-in-possession financing, but also assist the Debtors in

---

[6]    *See Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information, (II) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and other information, and (III) Granting Related Relief*, filed contemporaneously herewith.

understanding the universe of claims in these chapter 11 cases to emerge on an expedited basis to reduce administrative costs to the benefit of the Debtors' estates, and consequently their creditors. Shortening notice of this Motion to maximize notice of the Bar Dates is warranted under the circumstances.

### Reservation of Rights

44.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

**Notice**

45.     The Debtors have provided notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Consenting Term Lenders; (d) counsel to the Consenting Revolving Lenders; (e) counsel to the DIP Lender; (f) counsel to the agents under the Debtors' postpetition credit facilities and DIP credit facility; (g) the state attorneys general for each of the states in which the Debtors operate; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k)  other governmental agencies having a regulatory or statutory interest in these cases; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d).  In light of the nature of the relief requested, no other or further notice is required.

The Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
Dated:  May 23, 2023

/s/ *Matthew D. Cavenaugh*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
J. Machir Stull (TX Bar No. 24070697)
Victoria N. Argeroplos (TX Bar No. 24105799)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:     (713) 752-4200
Facsimile:      (713) 752-4221
Email:           mcavenaugh@jw.com
                      jwertz@jw.com
                      mstull@jw.com
                      vargeroplos@jw.com


*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Patrick J. Nash, P.C. (*pro hac vice* pending)
John R. Luze (*pro hac vice* pending)
Jeffrey T. Michalik (*pro hac vice* pending)
Yusuf Salloum (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:           patrick.nash@kirkland.com
                      john.luze@kirkland.com
                      jeff.michalik@kirkland.com
                      yusuf.salloum@kirkland.com


*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

**<u>Certificate of Accuracy</u>**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/  Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**<u>Certificate of Service</u>**

I certify that on May 23, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/  Matthew D. Cavenaugh*
Matthew D. Cavenaugh