IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BENEFYTT TECHNOLOGIES, INC., *et al.*,[1] | ) Case No. 23-90566 (CML) |
| | ) |
| Debtors. | ) (Joint~~ly~~ Administer~~ated~~ed Requested) |
| | ) **Re: Docket No. 8**_____ |

**INTERIM ORDER
(I) AUTHORIZING THE DEBTORS (A) TO OBTAIN POSTPETITION
FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2),
364(c)(3), 364(d)(1) AND 364(e), AND (B) TO UTILIZE CASH COLLATERAL
PURSUANT TO 11 U.S.C. § 363, (II) GRANTING ADEQUATE PROTECTION
TO PREPETITION SECURED PARTIES PURSUANT TO 11 U.S.C. §§ 361, 362,
363, 364, 503, 506(c) AND 507(b), (III) SCHEDULING FINAL HEARING PURSUANT
TO BANKRUPTCY RULES 4001(b) AND (c) AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Benefytt Technologies, Inc. (the "Company" or the "Borrower"), Daylight Beta Parent Corp. ("Holdings"), and the subsidiaries of the Company that are debtors and debtors in possession (the "Subsidiary Guarantors," and, collectively, with the Company and Holdings, the "Loan Parties" or the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), pursuant to sections 105, 361, 362, 363(b), 363(c)(2), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), 364(e), 503, 506(c) and 507 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 4001, 6003, 6004 and 9014 of the Federal Rules of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Benefytt Technologies, Inc. (2634); American Service Insurance Agency LLC (9115); Benefytt Reinsurance Solutions, LLC (4601); BimSym-HPIH, LLC (4626); Dawn Acquisition Company, LLC (0909); Daylight Beta Intermediate Corp. (7248); Daylight Beta Intermediate II Corp. (8842); Daylight Beta Parent Corp. (6788); Health Insurance Innovations Holdings, Inc. (1994); Health Plan Intermediaries Holdings, LLC (0972); Healthinsurance.com, LLC (9525); HealthPocket, Inc. (3710); Insurance Center for Excellence, LLC (4618); RxHelpline, LLC (9940); Sunrise Health Plans, LLC (3872); TogetherHealth Insurance, LLC (9503); TogetherHealth PAP, LLC (8439); and Total Insurance Brokers, LLC (7975). The location of the Debtors' service address is: 3450 Buschwood Park Drive, Suite 200, Tampa, Florida 33618.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Bankruptcy Procedure (the "Bankruptcy Rules"), and the local bankruptcy rules for the Southern District of Texas (the "Local Bankruptcy Rules"), seeking entry of this interim order (this "Interim Order"):

- a. authorizing the Borrower to obtain senior secured postpetition financing on a superpriority basis (the "DIP Financing" or the "DIP Facility") and for Holdings and the Subsidiary Guarantors (the "Guarantors") to guarantee the Borrower's obligations in connection with the DIP Facility, consisting of: (i) a superpriority delayed draw term loan facility in an aggregate principal amount of up to $35.0 million (all amounts extended under the DIP Facility, the "DIP Loans"; and the commitments in respect thereof, the "DIP Commitments"), as contemplated by that certain Restructuring Support Agreement dated as of May 23, 2023 (including all exhibits and schedules attached thereto, and as may be amended, restated, or supplemented from time to time, the "Restructuring Support Agreement"); *provided* that (x) an initial draw in the principal amount of up to $25.0 million (the "Initial DIP Loans") shall be made available to the Debtors upon entry of this Interim Order, and (y) the remaining undrawn portion of the DIP Facility shall be made available to the Debtors upon entry of the Final Order (as defined herein), all on the terms and subject to satisfaction of the conditions set forth in the DIP Documents (as defined herein), this Interim Order, and the DIP Budget (subject to Permitted Variances); and (ii) a new money letter of credit subfacility (the "DIP Letter of Credit Facility") with aggregate commitments to issue up to $4.0 million of new letters of credit (the "DIP Letters of Credit") of which all will be available immediately upon entry of this Interim Order;

- b. authorizing the Loan Parties to execute and enter into the *Debtor-in-Possession Credit Agreement* dated as of May 2~~3~~4, 2023, among the Borrower, the Guarantors, Phoenix 2023 Merger Sub LLC (the "DIP Lender") and Wilmington Savings Fund Society, FSB, as administrative agent and collateral agent (in such capacities, the "DIP Agent," and, collectively with the DIP Lender, the "DIP Secured Parties"), substantially in the form attached hereto as Exhibit C (as amended, supplemented or otherwise modified from time to time in accordance with the terms hereof and thereof, the "DIP Credit Agreement" and, collectively with the schedules and exhibits attached thereto and all agreements, documents, instruments and/or amendments executed and delivered in connection therewith, the "DIP Documents") and to perform all such other and further acts as may be required in connection with the DIP Documents;

- c. authorizing the Loan Parties to use proceeds of the DIP Facility and Cash Collateral (as defined herein), in accordance with the terms of this Interim Order, the DIP Documents, and the DIP Budget (subject to

(ii) As of the Petition Date, the Company and the Prepetition Guarantors were justly and lawfully indebted and liable to the Prepetition Secured Parties, in respect of the Prepetition Credit Facilities in the aggregate ~~principal~~outstanding amount of no less than $~~606,000,000~~622,491,995.94, plus accrued and unpaid interest ~~thereon~~ and fees, expenses (including any attorneys', accountants', appraisers' and financial advisors' fees, in each case, that are chargeable or reimbursable under the Prepetition Credit Documents), charges, indemnities and other obligations incurred in connection therewith as provided in the Prepetition Credit Documents (collectively, the "<u>Prepetition First Lien Obligations</u>").

(iii) The Prepetition First Lien Obligations constitute legal, valid, and binding obligations of the Company and the Prepetition Guarantors. No offsets, defenses, or counterclaims to, or claims or causes of action that could reduce the amount or priority of, the Prepetition First Lien Obligations exist. No portion of the Prepetition First Lien Obligations is subject to set-off, avoidance, impairment, disallowance, recharacterization, reduction, subordination (whether equitable, contractual, or otherwise), counterclaims, recoupment, cross-claims, defenses, or any other challenges under or pursuant to the Bankruptcy Code or any other applicable domestic or foreign law or regulation by any person or entity. The Prepetition Credit Documents are valid and enforceable by each of the Prepetition Secured Parties against each of the Company and the Prepetition Guarantors. The Prepetition First Lien Obligations constitute allowed claims against the Company's and the Prepetition Guarantors' estates. As of the Petition Date, the Debtors or their estates have no claim or cause of action against any of the Prepetition Secured Parties or their agents, in such capacities, whether arising under applicable state, federal, or foreign law (including, without limitation, any recharacterization, subordination, avoidance, or other claims arising under or pursuant to sections 105, 510, or 542 through 553 of